## CHARLES P. PRITCHARD, Appellant,

*vs.*

## THE LA CROSSE & MILWAUKEE RAILROAD CO., Respondent.

APPEAL FROM THE WASHINGTON CIRCUIT COURT.

A railroad company is liable for gross negligence, or wanton malfeasance, of its servants, whereby an injury results to cattle upon their track.

Although a railroad company is entitled to the exclusive use of their track, yet they are liable for wanton injury occurring through the gross negligence of their servants to cattle trespassing thereon.

This action was brought against the defendants, for killing by their servants, the plaintiff's horse, of the value of $300, at the town of Hartford, in said county. The cause was brought on to trial in October, 1857, before a jury.

It was proven upon the trial, that in the summer of 1856, at Hartford, in said county of Washington, as a gravel train of cars of the defendants, managed by their servants, was going west, a horse of the plaintiff, valued at $300, escaped from his pasture, ran upon the track of the railroad about one mile, in plain sight of the engineer conducting the train, and was overtaken, run over and killed by the cars. That for the last three-fourths of the mile run by the horse, on account of swamps and excavations, there was no place where he could leave the track. That for the most of that distance, the ties lay above the ground, gravel not having been filled in between them. That when the cars got within forty or fifty rods of the horse, the engineer put on all steam, ran the cars with all speed, overtook the horse in going from 120 to 140 rods and killed him.

The defendant's counsel moved for a nonsuit and the motion was granted. The plaintiff excepted.

*Foster & Williams*, for the appellant.

1. The testimony in the case proved gross negligence and want of care on the part of the defendants, as the cause of the injury, and therefore should have been submitted to the jury for them to pass upon. *Beers vs. the Housatonic R. R. Co.*, 19 Conn. R., 566.

2. The evidence proved not only a want of care, but a wantonly negligent disposition on the part of the servants of the defendants, in the course of their employment, to injure the plaintiff's property, and therefore should have been submitted to the jury. *Phil. & Reading R. R. Company vs. Derbey*, 14 How. R., 468.

3. The injury being the result of gross and wilful negligence on the part of the defendants, they are liable to pay all damages, and that the horse was a trespasser, is no defence. *Loomis vs. Terry*, 17 Wend. R., 496.

*H. L. Palmer*, for the respondent.

1. The respondent was entitled to the *exclusive use* of its track: and this whether it be considered the owner of the soil over which the road passed, or of a mere right of way, acquired by purchase or condemnation. Its enjoyment of its track must *necessarily be exclusive*, so as to enable it to carry out the purposes of its charter. Pierce on Railways, 320; *Munger vs. The Tonawanda R. R. Co.*, 4 Comstock, 349; same case, 5 Denio R., 255; *Jackson vs. Rutland & Burlinyton R. R. Co.*, 25 Vt. Rep., 150.

2. The appellant's horse was upon the track of the respondent's road, without its consent or permission, and was a trespasser there, and a trespasser by the fault or negligence of the owner, and being so, the respondent is not responsible for

any injury resulting to it from the negligence or carelessness of those in its employment having charge of the train. *Harrison vs. Brown,* 5 Wis., 27, and cases there cited; *N. & E. R. R. Co. vs. Skinner,* 19 Penn. Rep. 298; *Wells vs. Howard,* 19 J. R.. 385; Pierce on Railways, 321; *Terry vs. N. Y. Central R. R. Co.,* 22 Barbour Sup. C. Rep., 574; *Brooks vs. N. & E. R. R. Co.,* 13 Barbour, 594; *Marsh vs. N. &. E. R. R. Co.,* 14 Barbour, 364; *Clark vs. Utica & Syracuse R. R. Co.,* 11 Barbour Sup. C. Rep., 112.

In *Spencer vs. Utica & Schenectady R. R. Co.,* 5 Barbour S. C. R., 338, it is said, " it is necessary for the plaintiff to establish the proposition, that he is without fault." *Brown vs. Maxwell,* 6 Hill, 592; *Brownell vs. Flagler,* 5 Hill, 282; *Vandegrift vs. Rediken,* 2 Zab., 185; *White vs. Concord R. R. Co.,* 10 Foster R., 203; *Williams vs. Michigan Central R. R. Co.,* 2 Gibbs, 265, 266.

*By the Court,* WHITON, C. J.   We think the nonsuit in this case was wrongly ordered.

Admitting that the plaintiff was guilty of a trespass in permitting his horse to escape from his pasture and run upon the track of the railroad, still he was not outlawed. His property should be protected from wanton destruction. The testimony in this case tended to show, that, when the horse was upon the track of the road, the engineer, who had charge of the engine increased the speed of the train to an unusual degree. One witness, Dorn, testified that he " heard the cars coming and saw a horse running on the track as fast as he could, about forty or fifty rods ahead of the cars. The cars came along very slow till they came to my place. The horse was on the track out of my sight. Then when the train was about eight rods on my place the engineer put on all the steam he could and went as fast as he could." If the testi-

Pritchard vs. La Crosse and Milwaukee Railroad Co.

mony of this witness is true, the engineer was guilty of gross misconduct; and we think the judge who presided at the trial should have sent the case to the jury with instructions to find for the plaintiff, if they believed the facts to be as related by the witness. Many cases cited by the counsel for the company, to show that, as the company had the right to the exclusive use of the road, it could not be liable for the fault or negligence of its engineer in respect to property which was upon the track without its consent or permission. This undoubtedly is the general doctrine. Pierce on Railways, 321 ; 19 Penn. R., 298. But we do not think this principle ought to excuse negligence so gross as the testimony in this case tends to establish.

We have not noticed the supposed defect in the declaration because the plaintiff asked leave to amend it at the trial. Judgment reversed and new trial ordered.