ORCUTT v. CAHILL et al.

</div>

The return of a justice of the peace to a certiorari, under the Code, must contain all the testimony received by him.

Where a justice's return sets forth evidence in detail, it is to be considered as stating the whole testimony, unless the contrary distinctly appears.

APPEAL from the Supreme Court, in which a judgment of the County Court was affirmed.

*Amasa J. Parker*, for the appellant.

*John H. Reynolds*, for the respondents.

DENIO, J. The action, which was brought in the court of a justice of the peace, was trespass for the taking of five calves; and the defendants justified under a warrant issued by one of them as a justice of the peace for the collection of a small sum for the costs of a proceeding against the plaintiff and another person under the statute concerning encroachments in highways. (1 R. S., 521.) It appeared that an issue had been

formed in that proceeding by the denial of the complaint by the present plaintiff, and that the jury summoned on that occasion found the fact of the encroachment and made the certificate thereof required by the statute, and that thereupon the justice issued the warrant, under which the defendants justified, to collect these costs. But it was shown that, before the seizure of the calves, the plaintiff had sued out a certiorari to remove the proceedings on the complaint for an encroachment into the Supreme Court; and it is not denied that this writ operated as a stay of these proceedings, nor that the service of the warrant subsequently was illegal. The defendant Cahill was one of the commissioners of highways, and it was proved that he directed the constable who had the warrant to go on and collect the money mentioned in it. The plaintiff claimed that the defendant Warren had also made himself responsible for the trespass; but the evidence was not conclusive upon that point. The magistrate discharged four of the six defendants before the case was submitted. These were, the justice, the constable, and two of the commissioners of highways. Cahill and Warren were two other commissioners of highways; four commissioners, being those chosen for two towns, having joined in promoting the encroachment proceedings on account of the highway being the boundary line between the towns. The justice took time to deliberate, and afterwards gave judgment in favor of the remaining defendants, Cahill and Warren, and this judgment was affirmed in the County Court expressly on the ground that all the evidence before the justice had not been returned.

Upon the evidence returned, the defendant Cahill was unquestionably liable in the action. After the service of the certiorari upon all the parties who were concerned in prosecuting the encroachment proceedings, that defendant directed the constable to proceed to execute the warrant, and he accordingly seized the property in question. It is said that the direction was not to take this particular property, and that is true; but it was illegal to take any property on that precept, the force of which was suspended by the certiorari; and the general

directions which the defendant gave embraced any property of the party named in the warrant which would have been subject to be taken if it had not been superseded by the certiorari. The defendant was, therefore, upon this testimony, implicated in the trespass.

The only question which can be made is the one argued by the defendants' counsel, namely, that it does not appear by the justice's return that all the evidence is set forth; and in such a case it is urged that a judgment cannot be reversed upon the facts, because it may be that, if all the evidence had been stated, a defence would have been established. I do not think the position can be sustained. The provision of the Code of Procedure bearing upon the subject is section three hundred and sixty, which makes it the duty of the justice to make a return to the appellate court "of the testimony, proceedings and judgment, and file the same in the appellate court," &c. In obedience to this direction, the return under consideration professes to set out the testimony given on the trial. It states that the plaintiff, to maintain his action, called a person who is named as a witness, and whose testimony on direct and cross examination is then given; and this is followed by the statement of the calling and examination of another witness whose testimony is also given, and then it is said that the plaintiff rested. The defendants' testimony is then set out in the same way, and then this remark is made: "*The testimony here closed.*" It is not said in so many words that what is thus given is all the testimony produced in the case; but if we read the return in connection with the law pursuant to which it was made, I think it would be excessively hypercritical to say that it does not sufficiently appear that all the testimony is stated in the return. Indeed, I think that a justice's return under this act, setting out testimony in detail, should be understood as stating the whole of the evidence, unless the contrary distinctly appears; and such is the judgment of the court.

We are aware that a different rule was established under a former statute, providing for a review of the judgments of justices of the peace upon certiorari. (*Low* v. *Payne*, 4 Comst.,

Orcutt *v.* Cahill.

247.) But that act did not require all the testimony to be set out in the return. The party seeking the review was to make an affidavit setting forth the substance of the testimony and proceedings before the justice, and the grounds upon which an allegation of error was founded. Then the return was required truly and fully to answer to all the facts set forth in the affidavit. (2 R. S., 256, §§ 171, 177.) This provision might warrant a return containing only a general statement of the effect of the evidence upon the points respecting which error was alleged, and then it would be unfair to require that the judgment should be supported in all its parts by the evidence returned, there being no statement that it was all the evidence which had been given. A provision expressly directing that the evidence shall be returned, means that all the evidence shall be stated; and a return setting forth the names of the witnesses, and what they swore to in detail, must be taken to set forth all the evidence, and an express statement that no more was given is unnecessary. The Supreme Court in the third district came to a similar determination in the case of *Calligan* v. *Mix*, reported in 12 Howard's Practice Reports (p. 495), upon grounds similar to those which have been here stated.

The three judgments, in which this small claim has been hitherto adjudicated, must be reversed.

GOULD, J. There has been no case in this court calling for a decision of the question whether (under the Code), upon an appeal to a County Court from a justice's judgment, where the return does not show evidence sufficient to sustain the judgment, and where the justice does not certify that his return contains all the evidence, &c., given and had before him, the appellate court will, in support of the judgment, presume that there was other evidence sufficient to warrant the judgment. The case cited from 4 Comstock (p. 247), is not in point, as that case was taken up by the old form of certiorari.

By the statute regulating proceedings under that writ (2 R. S., 3d ed., p. 351, § 181), it is provided that the justice, in his

return, "shall truly and fully *answer to all the facts set forth in the affidavit on which the certiorari was allowed.*" And under this provision it was presumed that a party, when he made his affidavit, covered all the ground he intended to assign as error, and that, if the want of sufficient evidence was a ground for the writ, he would say so, and have the return (by amendment enforced when necessary), in such a shape as to be available, by stating that it contained all the evidence.

Under the Code (§ 353), an appeal is provided for, which is taken by a notice to the justice and the other party that the appellant appeals to the County Court, and thereupon the justice shall make a return "of *the testimony, proceedings* and judgment." It is true that the notice of appeal must state the grounds of the appeal. But this does not vary the duty of the justice, which is, to return the testimony, &c.; plainly meaning the whole testimony, &c. And the legal presumption is, that a public officer does his duty. If it be said that the law allows the appellant to procure an amended return, in which the justice shall state that he has returned all the testimony, it may be answered that the appellee may procure an amended return containing all the testimony, if there be an omission of any that would sustain his judgment. And whenever the return is complete (whether with or without an amended return), it is to contain, and by law does contain, the testimony, &c.

In the case before us, the notice of appeal states the ground of appeal to be, "that the judgment is *against law and evidence,* and the plaintiff should have had judgment against the defendant." This is abundant notice to return all the testimony, were any notice necessary. But none seems to be required.

The judgments should be reversed.

                              Judgments reversed.