[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 430 
This court decided, in Orcutt v. Cahill (24 N.Y., 578), that the return of a justice of the peace to an appeal from a judgment, under the Code, must contain all the testimony received by him in the cause; and that where a justice's return sets forth the evidence in detail, it is to be considered as stating the whole testimony, unless the contrary distinctly appears. That decision shows that the judgment of the Supreme Court, in this case, cannot be sustained on the ground that the justice of the peace did not certify that he returned all the testimony received by him in the cause.
The defendants had fenced their railroad where the plaintiffs' cow was killed, and had constructed and maintained a cattle guard at the highway crossing, where she went upon the railroad; and the evidence fails to show that the fence was not "of the height and strength of a division fence," or that the cattle guard as made and maintained, was not "suitable and sufficient to prevent cattle and animals from getting on to the railroad." Two or three witnesses, who lived near it, testified they had never known cattle passing over it, and no witness pretended any cattle had ever gone over or through it before the plaintiffs' cow walked through it; and the evidence is uncontradicted, that she passed through it in consequence of its being filled up with snow. There had been so great and severe a snow storm as to prevent the regular trains of cars running on the railroad for a day or two. The snow had been removed from the rails and the top of the cattle guard, but it remained in and under the same and up to the under side of the slats of the guard. The justice was probably satisfied that the defendants were guilty of negligence in not removing the snow from underneath the slats of the cattle guard. But that conclusion, however well sustained by the evidence, did not justify him in giving judgment in favor of the plaintiffs, if their cow escaped from Taylor's yard and went to the railroad by reason of their own or Taylor's negligence. It is only before the requisite fences and cattle guards are duly made, that a railroad company and its agents are made liable by statute for all damages done by their agents *Page 432 
or engines, to cattle, horses or other animals thereon notwithstanding the negligence of the owner coöperates in producing the damages. After such fences and guards are duly made and maintained, the corporation is not liable for any such damages unless negligently or willfully done (Convin v. TheN Y and Erie R.R. Co., 3 Kern., 42); and then the person sustaining such damages by reason of the negligence of the corporation, cannot recover if his own negligence in any way concurs in producing the damages.
This court decided in Munger v. The Tonawanda R.R. Co. (4 Comst., 349), that where the statute does not apply, an action against a railroad company, for negligently running their engines or cars against or over cattle and killing or injuring them on their railroad, can not be sustained if the wrongful act or negligence of the owner coöperated with the misconduct of the company to produce the injury to the cattle. Also that when cattle escape from the enclosure of the owner and stray upon the track of a railroad, they are to be regarded as trespassing upon the lands of the railroad company, and that the law charges the owner of the cattle with a wrongful or negligent act, if they stray from his enclosure and go upon lands appropriated by a railroad corporation, although his enclosure is kept well fenced, and he is guilty of no actual carelessness in suffering them to escape.
According to that decision the plaintiffs were clearly guilty of negligence, in suffering their breachy cow to escape from Taylor's yard and go to the railroad, which coöperated with the defendants' negligence to produce her death; and as the defendants' negligence was their omission to remove the snow from underneath the cattle guard, through which the cow walked from the highway on to their railroad and not their failure to construct and maintain one there, sufficient, when not filled up with snow, to prevent cattle and animals from getting on to the railroad, the plaintiffs were not entitled to recover.
If the plaintiffs had been properly driving their cow along the highway, and she had walked over or through the cattle *Page 433 
guard on to the railroad by reason of the omission of the defendants to remove the snow that was in and under the slats of the guard, the case would have been different, and they would have been entitled to recover. But as the case is, the cow went upon the railroad track in consequence of their own as well as the defendant's negligence, and they should not have recovered.
The justice should have nonsuited the plaintiffs or given judgment in favor of the defendants; and the County Court did right in reversing his judgment.
It follows that the judgment of the Supreme Court should be reversed and that of the County Court affirmed, with costs.
All the judges concurring,
Ordered accordingly.