JONES VS. THE SHEBOYGAN & FOND DU LAC RAILROAD COMPANY.

RAILROADS: NEGLIGENCE: PLEADING. *(1, 2) Injury to animals on track. Fencing track. (3) Contributory negligence. (4) How issue of contributory negligence made.*

1. Where a railway company fences its track as required by statute, and the fence afterwards becomes defective, an action against the company for injuries to horses or cattle straying upon the track through such defective fence cannot be maintained if it appears that the owner of the animals was guilty of contributory negligence. *Brown v. Railway Co.*, 21 Wis., 39, as to this point, overruled.

[2. Whether contributory negligence is a defense where the company has entirely failed to fence its track, is not here decided.]

3. In an action for the value of plaintiff's horse, which escaped upon defendant's railway track from an adjoining field, and was killed by a train, in consequence, as is alleged, of a defect in defendant's fence at that place: *Held*, that if it had appeared that the horse was breachy, and accustomed to jump or break lawful fences, and that plaintiff, knowing these facts, turned him loose in the field adjoining the track, the jury might have found upon this evidence that plaintiff was guilty of contributory negligence, though the court could not so hold as a matter of law.

4. An averment in the complaint that the injuries accrued from defendant's negligence, imports an averment that plaintiff was free from contributory negligence; and a general denial in the answer raises the issue of contributory negligence. *A fortiori* such a denial has that effect where negligence on plaintiff's part is *expressly* negatived in the complaint.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to recover the value of plaintiff's horse, run over and killed by a train of cars on defendant's railroad.

The complaint alleges that at the time and place of the killing, defendant failed to keep and maintain legal and sufficient fences to keep horses and cattle from straying upon its track,

by means whereof, without fault or negligence of the plaintiff, said horse strayed upon the track, and, entirely by defendant's negligence and fault, was there run against and killed by a passing locomotive and train. Answer, a general denial.

It was proved on the trial that defendant had previously constructed and maintained a lawful fence along the line of its railroad at the place where the horse was killed; but whether such fence was or was not out of repair and insufficient at the time of the accident, or whether the horse jumped the fence at a point where it was a legal and sufficient fence, or at a point where it was insufficient, were disputed questions, the testimony relating thereto being quite conflicting. There was also proof tending to show that the horse was breachy, and that plaintiff knew the fact when he turned him into the pasture, adjoining the railroad, from which he escaped when he went on the track and was killed.

The judge refused to instruct the jury (as requested by defendant), that if the horse was breachy and difficult to keep within proper fences, or if he was thus breachy and plaintiff knew it, the latter was guilty of contributory negligence, and could not recover. The following instruction on that subject was given: "The fact that the horse was or was not breachy, cuts no figure in this case, except so far as it is a circumstance bearing upon the theory of the defendant, that the horse jumped the fence."

There was a verdict for the plaintiff for the value of the horse; a new trial was denied, and judgment entered upon the verdict; and defendant appealed from the judgment.

For the appellant, a brief was filed by *Hauser & Colman*, and the cause was argued orally by *Elihu Colman*. They contended that if plaintiff, with knowledge of the breachy character of the horse, permitted him to run in a pasture from which he was liable to escape upon the track, he was guilty of contributory negligence, and could not recover. In support of this view, they cited the following among other cases: *Hal-*

*loran v. R. R. Co.*, 2 E. D. Smith, 257; *Hance v. R. R. Co.*, 26 N. Y., 428; *C. & N. W, Railway Co. v. Goss*, 17 Wis., 428; *Nicks v. Marshall*, 24 id., 139; *Wheeler v. Westport*, 30 id., 392; *Montgomery v. Scott*, 34 id., 338; *Cremer v. Portland*, 36 id., 92; *Pitzner v. Shinnick*, 39 id., 129; *Hammond v. Mukwa*, 40 id., 35.

For the respondent, a brief was filed by *Shepard & Shepard*, and the cause was argued orally by *C. E. Shepard*. To the point that the instruction asked by defendant on the subject of contributory negligence was incorrect, they cited *Brown v. M. & P. du C. R'y Co.*, 21 Wis., 39. They also argued that the defense of contributory negligence was not properly raised by the answer; that the negligence on plaintiff's part set up at the trial was too remote, and had no causal connection with the accident (Wharton on Neg., §§ 302, 323–6); that if the horse jumped over a sufficient fence, defendant was excused, under the statute, in any event; that if the fence, where he got over it, was not of sufficient height, defendant was liable in any event; and that in the latter case the breachiness of plaintiff's horse is immaterial, since it cannot be said that a breachy horse escaped over a broken down fence *because* he was breachy, every horse being liable to do that. Secs. 30, 31, ch. 119, Laws of 1872.

LYON, J. There is no claim that the horse of the plaintiff was killed in consequence of any negligence on the part of the agents and employees of the defendant in charge of the train. Nor is there room for any such claim; for the uncontradicted testimony proves that all reasonable and proper efforts were made by those persons to avoid the accident. Hence, if the defendant is liable in this action, it is because the railroad fence, where the horse escaped upon the track, was defective.

It seems quite clear to our minds, that if the horse was a breachy or unruly animal, if he was accustomed to escape from fields inclosed with lawful fences, by jumping or breaking

such fences, and the plaintiff had knowledge of the fact, it may have been negligence on the part of the plaintiff to turn the horse loose in the pasture adjoining the railroad track; and if negligence, we have no difficulty in holding that it was proximate to the killing of the horse. But the question whether such act and knowledge of the plaintiff was contributory negligence (if in the case at all), was a question to be determined by the jury from all the facts in the case. The court cannot say, as a matter of law, without regard to the degree of the vice or the extent or accuracy of the plaintiff's knowledge of it, that the plaintiff committed a negligent act when he turned his horse into the pasture, knowing that he was breachy. Hence, in any event, the learned circuit judge very properly refused to instruct the jury that if the horse was breachy, and plaintiff knew it, the plaintiff was guilty of contributory negligence.

The instruction given to the jury that " the fact that the horse was or was not breachy cuts no figure in this case," etc., was equivalent to an instruction that the action would not be defeated by proof that the plaintiff was guilty of negligence which contributed proximately to the killing of his horse.

In *Pitzner v. Shinnick*, 39 Wis., 129, we had occasion to discuss somewhat the question whether the general rule of law, that a party cannot recover for an injury of which his own negligence was, in whole or in part, the proximate cause, is applicable in an action brought against a railway company which has entirely failed to fence its road, for injuries to animals straying upon the track. We did not there determine the question, and shall not determine it now; because this is not a case of failure to fence, but one of alleged defect of fences after they had once been erected in compliance with the statute. We leave the question of the liability of a railway company which has never fenced its road, as required by law, where it was left in *Pitzner v. Shinnick*.

But we hold, on principle and authority, that if a railway

company fences its road in the manner required by the statute, and such fence afterwards becomes defective, an action against the company for injuries to horses or cattle straying upon the railroad track through such defective fence cannot be maintained if it be made to appear that the negligence of the owner of the animals injured contributed proximately to the injury. That is to say, we hold that the general rule of law in actions for negligence, as above stated, is applicable to this case.

The principles on which this ruling is based are sufficiently stated, and the cases which sustain it cited and commented upon, in *Pitzner v. Shinnick, supra,* and any additional discussion of the subject here is unnecessary. We do not overlook the fact that a different rule seems to have been held in *Brown v. Railway Co.,* 21 Wis., 39; but in so far as that case conflicts with the rule here adopted, it must be considered as overruled.

It may be further remarked that the language of the statute (Laws of 1869, ch. 119, sec. 30) supports the foregoing views; for that portion of the statute which is claimed to impose an absolute liability on the company, appears by its terms to limit such liability to cases where the fences have never been erected. But we do not rest our decision upon this ground.

The point was made in argument by the learned counsel for the plaintiff, that the question of the contributory negligence of the plaintiff is not presented by the pleadings, and hence that no evidence is admissible on the subject. We think otherwise. The action is to recover damages for injuries alleged in the complaint to have been caused by the negligence of the defendant. The answer is the general denial. This, of course, is a denial that the injuries were so caused. If the injuries were the result of the combined negligence of both parties, they were not, in any legal sense, the result of the negligence of the defendant. Hence, testimony of the contributory neg-

ligence of the plaintiff goes to disprove a material averment of fact in the complaint, which is denied in the answer. Moreover, it is expressly alleged in the complaint that the plaintiff was free from negligence, and the general denial puts the averment directly in issue.

Because the evidence tends to show that the negligence of the plaintiff contributed directly to the injury of which he complains, and because the court instructed the jury in substance that such contributory negligence, if proved, would not defeat the action, the judgment of the circuit court must be reversed, and the cause remanded for a new trial.

*By the Court.* — So ordered.