BRUINS vs. DOWNEY.

*December 23, 1880 — January 11, 1881.*

JUSTICE'S RETURN *on appeal: Presumption as to evidence.*

On an appeal from a justice's court to a county court under secs. 3763, 3769, R. S. (where the case is to be heard in the appellate court on the evidence taken by the justice and the proceedings in his court), it is not necessary that the justice should certify that the evidence returned as taken before him is *all* of the evidence in the case, but, in the absence of any motion for a further return, that fact will be presumed.

APPEAL from the County Court of *Fond du Lac* County.

Plaintiff appealed from a judgment in favor of the defendant. The case is stated in the opinion.

The appeal was submitted on the brief of *E. L. Runals* for the appellant, and that of *W. W. D. Turner* for the respondent.

ORTON, J. This was an appeal from the judgment of the justice of the peace to the county court, in the nature of a *certiorari*, to be heard in that court on the evidence taken before the justice and the proceedings in the justice's court, under sections 3763 and 3769, R. S. The statute provides that the justice "shall make a return to the appellate court of the testimony, proceedings and judgment, and file the same therein," and that, "if the return be defective, the appellate court may direct a further or amended return." When the case came to this court before, the judgment of the county court was reversed on the ground that the justice had made no return of the testimony and proceedings before him. Before the last trial in the county court, such return, or pretended return, had been procured to be made; and the case comes before this court again, and, it would seem, on the single question whether such return was sufficient to give jurisdiction to the county court to hear the cause. The defect complained of is, that the justice failed to return or certify that the evidence returned as taken before him was *all* of the evidence in the case. The statute specifically directs what may be done in such a case, and there appears to be no excuse for appealing the cause to this court instead of following the directions of the statute. If the return in that respect was defective, it should have been amended by the justice. The statute does not require the justice to return or certify that the evidence so returned is *all* the evidence taken, and, nothing appearing to the contrary, the presumption is, that it was all that was taken. The practice of this court on appeals, cited by counsel, is inapplicable to such a case, and the real point here has never been decided by this court; but the last decision of the court of appeals of the state of New York upon this point, under a similar statute, is that, it not appearing to the contrary, such a return is presumed to contain all of the evidence taken before the justice, and that "it would be excessively hypercritical to say that it

does not sufficiently appear that all the testimony is stated in the return." *Orcutt v. Cahill*, 24 N. Y., 578.

·The testimony appears sufficient to warrant the judgment of the county court.

*By the Court.*— The judgment of the county court is affirmed, with costs.