Potter, Adm'r &c., vs. The Chicago and North-Western Railway Company.

POTTER, adm'r &c., vs. THE CHICAGO & NORTH-WESTERN RAILWAY COMPANY.

*Injuries to minor causing death.—Measure of damages.*

1. Under secs. 12 and 13, ch. 135, R. S., the damages for injuries to the person of a minor resulting in his death, are only the actual pecuniary damages resulting to the parents from the injury.

2. The pecuniary advantage of the life of deceased *after* his minority, can be considered only after proof of the indigent or dependent condition of the parents.

3. Any negligence, however slight, on the part of the deceased, if proximate or contributing to the injury, would prevent a recovery in such an action.

APPEAL from the Circuit Court for *Jefferson* County.

Action to recover damages for injuries alleged to have been done to plaintiff's intestate, Frances L. Bishop, through defendant's negligence, causing her death. The father and

mother of said Frances (who was in the twelfth year of her age at the time of the injury) were living at the time the action was commenced; and the damages are laid at $5,000. The questions here decided arose upon the instructions; and these are sufficiently set out in the opinion.

Verdict for the plaintiff for $3,000; motion for a new trial denied; and from a judgment on the verdict defendant appealed.

*Enos & Hall,* for the appellant, as to the rule of damages, cited *Franklin v. Southeastern R. Co.,* 3 Hurls. & N., 212, 214; *Duckworth v. Johnson,* 4 id., 652; *Seaman v. Farmers' L. & T. Co.,* 15 Wis., 578; *Tilley v. Hudson River R. R. Co.,* 24 N. Y., 473; *Telfer v. The Northern R. R.,* Am. Law Reg., Sept., 1864, p. 265. 2. As to the question of negligence, they cited *Chamberlain v. M. & M. R. R. Co.,* 7 Wis., 425; *Dressler v. Davis,* id., 531; *Stucke v. M. & M. R. R. Co.,* 9 id., 214; *Mil. & Ch. R. R. Co. v. Hunter,* 11 id., 169; *Spencer v. Mil. & P. du Ch. R. R. Co.,* 17 id., 493; *Davis v. Ch. & N. W. R. Co.,* 18 id., 182; *Achtenhagen v. City of Watertown,* id., 331; *Langhoff v. Mil. & P. du Chien R. R. Co.,* 19 id., 496; 18 N. Y., 248; 20 id., 65; 24 id., 430; 29 id., 315.

*Hopkins & Foote,* for respondent, as to the rule of damages, argued that the statute, being remedial, should receive a liberal construction, and cited *Dalton v. Southeastern R. Co.,* 4 C. B. (93 E. C. L.), 296; *Oldfield v. N. Y. & Harlem R. R. Co.,* 14 N. Y., 310; 3 E. D. Smith, 103; *Tilley v. Hudson River R. R. Co.,* 24 N. Y., 471; *S. C.,* 29 N. Y., 252; *Green v. Hudson River R. R. Co.,* 32 Barb., 25; *Pa. R. R. Co. v. McCloskey,* 23 Pa. St., 526; 33 N. Y., 641; 18 Ill., 349; *North Pa. R. R. Co. v. Robinson,* 44 Pa. St., 175. 2. As to the question of negligence, they cited *Stucke v. M. & M. R. Co.,* 9 Wis., 202; *Galpin v. Ch. & N. W. R. Co.,* 19 Wis., 604; 20 Ill., 478; 26 id., 255; 17 Ind., 102; 22 id., 26. Again, the concurring negligence of an infant of tender years will not bar a recovery, as

in the case of an adult. *Smith v. O'Connor*, 48 Pa. St., 218; *Lynch v. Nurdin*, 1 Ad. & E. (N. S.), 29; 19 Conn., 507; 27 d., 591; 22 Vt., 213.

DOWNER, J.   The principal question in this action relates to the rule of damages.    The action is brought under sections 11 and 12, ch. 135, R. S.    The provisions of the statute, so far as any questions arise in this case, are in substance the same as Lord CAMPBELL's Act, 9 & 10 Vic., ch. 93.    The plaintiff was entitled to recover such damages, not exceeding five thousand dollars, as the jury might deem fair and just in reference to the pecuniary injury resulting from the death of the daughter, Frances L. Bishop, to her parents.    The statute does not say, in terms, on what principle the damages are to be assessed. But all the authorities are to the effect, that vindictive damages are not to be given; nor are they to be given for loss of society, or as a *solatium*, or for injury to feelings; but they must be founded on pecuniary loss actual or expected, and should be calculated in reference to a reasonable expectation of pecuniary benefit, as of right or otherwise, from the continuance of the life.

It was for the jury to determine what was the extent, under the proof in this case, of such reasonable expectation.    The verdict must, however, be based upon evidence.    The statute is peculiar, and much must be left to the sound judgment and disretion of the jury.    But we do not think it was intended they should find a verdict for damages without evidence of pecuniary loss.    What is the testimony as to such loss to the parents in this case?    It is, that the deceased was aged eleven years and three months; that she was a bright, intelligent girl, strong and healthy, had been to school and Sunday school, was a good child to work, and accustomed to help her mother. This is all; and it is sufficient on which to base a verdict for any reasonable sum for loss of the services of the deceased

during her minority. But we are unable to see anything in the evidence proving, or tending to prove, a reasonable expectation of *pecuniary* benefit to the parents from the continuance of the life of their daughter beyond her minority. If it had been proved that the pecuniary circumstances and health of the parents were such as to render it probable that they might need the services of the deceased, or aid from her, after she was twenty-one years of age, a foundation would have been laid for damages other than those resulting from the loss of her services during her minority. On the other hand, if the proof had shown that the parents were wealthy, there would have ordinarily been, it appears to us, no reasonable expectation to them of pecuniary benefit from the continuance of the life of the deceased beyond her minority. It is clear that the estate and condition of the parents might have much to do with the question of damages. So far as we have examined, in suits like this for the benefit of parents, where damages have been recovered other than the value of the services of the deceased during minority, there has been testimony showing the condition of such parents, or tending to prove it. See *Dalton v. S. E. Railway Co.*, 93 E. C. L., 296; *Franklin v. S. E. R. Co.*, 3 H. & N., 211; 33 N. Y., 642. There are authorities to the effect that the damages, whatever the condition of the parents, ought to be limited to the value of the services of the deceased in case she had lived during her minority. *Telfer, adm'r v. The N. R. Co*, 30 N. J. Law R., 188; *Pa. R. Co. v. Zebe*, 9 Casey, 318. But the weight of authority is, that the jury may take into account the reasonable expectation of pecuniary benefit from the continuance of the life beyond the minority; and such, we think, is a reasonable construction of the statute. But there must be some testimony on which to base such reasonable expectation of pecuniary benefit. The jury are not to take it for granted without evidence, or to *guess* at it. They are to find such benefit, and the extent of it, from the evidence,

and are limited to such *proximate* damages as will actually result. *Tilley v. H. R. R. Co.*, 29 N. Y., 289.

The circuit court instructed the jury : "You are not limited to the simple value of her services until she arrives at maturity, but may take into consideration the reasonable expectation of pecuniary advantage of the next heir (in this case the father and mother), that would have resulted to them from her living, and damages may be given in respect to that expectation being disappointed, and the probable pecuniary loss or injury resulting therefrom ; but you must be satisfied that the next of kin in this case sustained pecuniary injury in that respect, because you are limited to allowing for pecuniary injuries only, and to such as you believe will actually result to them as the proximate damages of such death." This instruction is put with proper limitations, in case there had been *any* evidence of the condition and circumstances of the parents. But when the jury were told that they were not limited to the simple value of her services during minority, they must have understood that in the opinion of the court the mere evidence of the age, the moral, intellectual and physical condition of the deceased, and that she had parents living, was enough to authorize them to find a verdict for more than the value of her services during minority. If the instruction is correct, then the jury in all cases, even where the parents are in the most affluent circumstances, may give damages beyond the value of the services of the deceased during minority. Is there any reasonable expectation of *pecuniary* benefit to wealthy parents, or even to those in moderate circumstances, between the extremes of poverty and wealth, from their children after they arrive at their majority? In the natural course of events, the children of such parents receive far more pecuniary aid or benefit from their parents, than the parents from them. It appears to us, unless the condition of the parents is in evidence, the damages should be limited to the services during minority. We think, therefore, there was error in giving the instruction.

There was also error in charging the jury that if they should find that the deceased or her mother was guilty of slight negligence only in getting off the cars, and the defendant guilty of gross negligence, the plaintiff could recover. Negligence proximate or contributing to the injury, however slight, prevents recovery.

*By the Court.*—Judgment reversed, and a *venire de novo* awarded.