## McCANDLESS vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

*Contributory Negligence: Nonsuit.*

1. Plaintiff's premises, in a city, were so nearly surrounded by railroads running within a few feet of them, that his cow, if suffered to be at large, would be likely to get upon some one of said roads. She was accustomed to go for water to a canal on one side of his premises, and might go to a river on the other side, but, to reach either, must cross a railroad. Late in the fall, when grass was scarce and there was none growing in the immediate vicinity of plaintiff's barn, his cow, after being housed until late in the day, was turned into the street without any one to look after her; and not long after, being near but not upon the track of defendant's road, a few rods from plaintiff's premises and near the river, feeding on grass growing on defendant's embankment, she started on the approach of a train, and, after running a short distance, was struck upon the track and fatally injured. In an action for the damages, the above facts appearing from plaintiff's evidence: *Held, as matter of law,* that plaintiff was guilty of gross contributory negligence, and could not recover in the absence of malice or willfulness on defendant's part. *Lawrence v. Railway Co.,* 42 Wis., 322; *Curry v. Railway Co.,* 43 id., 665.

2. The facts that the track was unfenced, and that the train was running somewhat faster than usual at that place, and was not slacked, nor any alarm given, would not have sustained a verdict that defendant was guilty of any willful or malicious act; and a compulsory nonsuit was properly directed.

3. There was no error in rejecting evidence offered by plaintiff, that other cattle were in the habit of running at large in the vicinity of the place of accident, and that some of them had been killed on the track; as those facts would not aid his case.

APPEAL from the County Court of *Winnebago* County. The case is thus stated by Mr. Justice TAYLOR:

This action was brought to recover the value of plaintiff's cow, which was injured on the track of the defendant's railroad by a passing train. On the trial, the court ordered a nonsuit, and the complaint was dismissed, with costs. The ground of the nonsuit was, that the evidence showed that negligence of the plaintiff contributed to the accident.

The evidence shows that the plaintiff lived in the city of Menasha, on the north side of the street along which the track of the defendant's road ran; that nearly opposite his house, the main line turns to the south, and runs along an embankment to the bridge which crosses the Fox river; that a side track continues east along the street; that it is but a few rods from where the main line leaves the street to the bridge, and that the railroad between the street and bridge has never been fenced. The evidence shows that there is a street, also, on the east and north sides of plaintiff's lot; that the canal adjoins the street on the north, and a side-track of the Wisconsin Central R. R. Co. runs along that street; that plaintiff's barn is on the northeast corner of his lot, at the junction of the street running along the canal and the street along the east side of plaintiff's lot; and that there is no fence along the east side of the street running north and south by the plaintiff's barn. The diagram printed herewith will give a pretty correct idea of the situation of the plaintiff's premises, and the railroads there.

It will be seen from the diagram, that plaintiff's premises were nearly surrounded with railroad tracks, and that his

McCandless vs. The Chicago & Northwestern R'y Co.

cow, if suffered to be at large, would be likely to get upon some one of them. The plaintiff testifies that, on the day of the accident, at noon, he turned his cow out of the barn to get water; that she was accustomed to go to the canal for water, but could go to the river; that his children usually watched her and drove her home; that he instructed them to do so,

but does not know that he so instructed them on that day; but he took it for granted that they would do so. She was injured on the track of the railroad about three o'clock in the afternoon, on the embankment, about three rods from the river. The other evidence in the case shows that the cow was feeding very near the track, but not on it, upon some grass that grew upon the embankment near the place where she was injured; that just before the train reached the spot where she

was, she jumped upon the track and ran fifteen or twenty feet, when the engine struck her and injured her so that it was necessary to kill her. The evidence also shows that the train was not slacked, nor any alarm given to scare the cow from the track; and that it was running rather faster than trains ordinarily ran at that place. Upon this evidence the court ordered the nonsuit.

Plaintiff appealed from the judgment.

The cause was submitted for the appellant on the brief of *P. V. Lawson, Jr.* He argued, 1. That defendant was absolutely liable for damages resulting from its failure to fence. Laws of 1856, ch. 137, sec. 30; P. & L. Laws of 1857, ch. 17, sec. 3; P. & L. Laws of 1859, ch. 108; *Dunnigan v. Chicago & N. W. Railway Co.*, 18 Wis., 30; *Schmidt v. Railway Co.*, 23 id., 192, and cases there cited; *McCall v. Chamberlain*, 13 id., 637; *Norris v. R. R. Co.*, 39 Me., 273; 20 Ill., 221, 226; *Fawcett v. R. R. Co.*, 71 E. C. L., 609; 16 Q. B., 610. 2. That if defendant was not absolutely liable, the question of plaintiff's contributory negligence was for the jury, upon the evidence in this case. *Langhoff v. Railway Co.*, 19 Wis., 497; *Galpin v. Railway Co.*, id., 604; *Pitzner v. Shinnick*, 39 id., 137; *Jalie v. Cardinal*, 35 id., 118; *Imhoff v. Railway Co.*, 22 id., 681; *Mil. & C. R. R. Co. v. Hunter*, 11 id., 160; *Pritchard v. R. R. Co.*, 7 id., 232; *Sutton v. Wauwatosa*, 29 id., 21; *Strahlendorf v. Rosenthal*, 30 id., 674; *Patten v. Railway Co.*, 32 id., 524; *Stucke v. M. & M. R. R. Co.*, 9 id., 202; *Curry v. Railway Co.*, 43 id., 665; *Webb v. R. R. Co.*, 57 Me., 117; *Morse v. R. R. Co.*, 27 Vt., 49; 17 Mass., 249; 22 Pick., 7; *Munroe v. Leach*, 7 Met., 274; *Gaynor v. Railway Co.*, 100 Mass., 208; *Beers v. R. R. Co.*, 19 Conn., 566; *Curtiss v. R. R. Co.*, 20 Barb., 282; *Sheffield v. R. R. Co.*, 21 id., 339; *Vanderpool v. Husson*, 28 id., 196; 32 id., 165; *Burrill v. Watertown Bank*, 51 id., 105; 18 How. Pr., 427; 19 id., 199; 23 id., 166; *Keller v. N. Y. Cent. R. R. Co.*, 24 id., 172; *Loomis v. Terry*, 17 Wend., 496; 3 Kern., 533; *Ernst v. Railroad Co.*, 35 N. Y., 38; *Cent. R. R. Co. v. Moore*, 4 Zab., 824; *Penn. R. R. Co. v. Barnett*, 59 Pa. St., 259; 14 id., 275;

McCandless vs. The Chicago & Northwestern R'y Co.

*Johnson v. Bruner*, 61 id., 58; *Phil. & Reading R. R. Co. v. Spearen*, 47 id., 300; *Westchester & P. R. R. Co. v. McElwee*, 67 id., 311; *Ellis v. Ohio L. I. & T. Co.*, 4 Ohio St., 645–7; *Galena, etc., R. R. Co. v. Yarwood*, 17 Ill., 509, 519; *Galena, etc., R. R. Co. v. Dill*, 22 id., 217, 264; *Toledo, etc., R. R. Co. v. Foster*, 43 id., 415; *Huelsenkamp v. Railway Co.*, 34 Mo., 45; *Meyer v. R. R.*, 40 id., 151; *U. S. v. Taylor*, 5 McLean, 242; *Phil. & Reading R. R. Co. v. Derby*, 14 How., U. S., 468. 3. That even if the company is not absolutely liable under the statute, and if plaintiff was guilty of negligence exposing him to risk of injury, still defendant is liable because, after becoming aware that the animal was upon the track, its employees did not exercise ordinary care to prevent the injury. Sherman & Redfield on Neg. (3d ed.), p. 42, § 35, and p. 532, note 4, and cases there cited; *La Fayette & I. Railroad Co. v. Adams*, 26 Ind., 76; *Aycock v. Railroad Co.*, 6 Jones' Law, 231. Where there is only slight negligence on plaintiff's part, and gross negligence on the part of defendant, the former may recover. *McGrath v. Railroad Co.*, 32 Barb., 147; *Bernhardt v. Railroad Co.*, id., 165; *S. C.*, 33 id., 503; *Sanford v. Railroad Co.*, 23 N. Y., 343; *Galena, etc., Railroad Co. v. Jacobs*, 20 Ill., 478; *Jackson v. Railroad Co.*, 25 Vt., 150; 6 Ind., 141; 10 id., 460; *Pritchard v. Railroad Co.*, 7 Wis., 232; *Stucke v. Railroad Co.*, 9 id., 202; *C. & N. W. Railway Co. v. Goss*, 17 id., 428; *Bennett v. Railway Co.*, 19 id., 145; *Galpin v. Railway Co.*, id., 609–10; *Dreher v. Fitchburg*, 22 id., 675; *Fisher v. F. L. & T. Co.*, 21 id., 74. 4. That it was error to exclude the questions designed to show that cattle were habitually permitted to graze about the track at the place of the accident, as that would have tended to show a license. *Curry v. Railway Co.*, 43 Wis., 665.

*Charles W. Felker*, for the respondent, cited *Pitzner v. Shinnick*, 41 Wis., 676; *Lawrence v. Railway Co.*, 42 id., 322; and *Curry v. Railway Co.*, 43 id., 665.

TAYLOR, J.   The plaintiff alleges that it was error to direct a nonsuit, for the reasons, that the question of contributory negligence on the part of the plaintiff was a question of fact for the jury, and not a question of law; and that the court should have submitted to the jury whether the injury to the cow was not attributable to the gross negligence or willful act of the defendant's servants.   It is also alleged that the court erred in rejecting.evidence offered by the plaintiff.

This court has finally settled the question in this state, that the neglect of a railroad company to fence its road does not make it liable absolutely for killing or injuring cattle which may stray upon the track for want of such fence; and that in such case, negligence of the plaintiff which directly or proximately contributes to the injury, is a defense to an action to recover for such killing or injury.   *Lawrence v. Mil., L. S. & W. Railway Co.*, 42 Wis., 322; *Curry v. Railway Co.*, 43 id., 665.   We are not disposed to consider that question as open for discussion in this court.

The question remains, whether, in the case at bar, the evidence shows conclusively that the plaintiff was guilty of such negligence.   That question has been very often discussed in this court, and we think is also finally settled, when applied to a case disclosing the facts which were admitted by the plaintiff in this action.   In *Curry v. Railway Co.*, the chief justice says:   " In *Lawrence v. Railway Co.* it was held to be contributory negligence in law, to leave cattle in the morning at large for the day, without purpose, and by mere inadvertence, in midwinter, presumably without food, within seventy rods of a railroad, without fence or obstacle to keep them from it.   The facts are, perhaps, not sufficiently stated in the report.   The cattle had been housed that season, were taken out that morning to be watered, and were not put back in their stable as intended, by apparent forgetfulness.   The inclination of the cattle to wander in such circumstances, and the danger of their coming on the railroad, were strong and obvious, and negligence in so leaving them was patent and gross.   But perhaps that case went as far as the court would be warranted in going."

The case at bar presents a much stronger case of negligence on the part of the plaintiff than the one above cited. Here the plaintiff turned his cow into the street without any one to look after or watch her, after she had been housed until late in the day, within a few feet of a railroad on either side of the place where she was turned out, and where, in going to water, she would necessarily cross the line of one or the other of the railroads surrounding his premises, and with nothing to hinder her straying upon and along the track of the defendant's road. The evidence also shows that it was late in the fall, when grass was scarce, and that there was none growing in the immediate vicinity of the plaintiff's barn, but that there was grass growing along the line of the defendant's road, where the injury occurred. In view of the danger to the lives of persons traveling upon railroads, which would result from permitting the owners of cattle, residing in their immediate vicinity, to pasture them upon the tracks of such roads, we are inclined to hold to the decisions in *Curry v. Railway Co.* and *Lawrence v. Railway Co.*, that such acts on the part of the owner of cattle injured amount to contributory negligence in law. Not only the railroad companies, but the people who travel upon railroads, are deeply interested in compelling the owners of animals to use at least ordinary care to prevent them from wandering upon railroad tracks; and when the evidence is clear that there was a want of ordinary care on the part of a plaintiff seeking to recover from a railroad company for an injury to his cattle, which contributed to such injury, it is the duty of the courts to say that no recovery can be had.

Upon the point that the plaintiff should have been permitted to recover because the evidence shows that the negligence of the defendant was gross, if not willful, we think there was a want of evidence that the injury was committed willfully; and that if there was gross negligence on the part of the defendant, there was also gross negligence on the part of the plaintiff, which contributed to the injury. And, in the language of the late Chief Justice DIXON, in the case of *Railway Company v. Goss*, 17 Wis., 428: "If the owner rashly or carelessly allows

McCandless vs. The Chicago & Northwestern R'y Co.

his oxen or horses to go upon the road, and they are killed by the gross negligence of the company or its servants, it is gross negligence against gross negligence, and there can be no apportionment of damages. In such cases, it would seem that nothing short of wanton or malicious injury would entitle him to compensation."

This court has held that slight negligence, or slight want of ordinary care on the part of the plaintiff, which contributed directly to the injury complained of, would defeat an action even when the negligence of the defendant was gross. *Potter v. Railway Co.*, 21 Wis., 372, and *Cunningham and wife v. Lyness*, 22 id., 245. Whether that rule should be applied to a case like the one at bar, it is unnecessary to determine, as we are of the opinion that the plaintiff was guilty of more than slight negligence or slight want of ordinary care in this case. There was no evidence to go to the jury upon the question whether the injury was produced by the willful or malicious act of the servants of the defendant; and we think that nothing short of that would have justified a verdict in favor of the plaintiff.

We do not understand how it would have tended to better the plaintiff's case had he been permitted to prove that other cattle were in the habit of running at large in the vicinity of the place where this accident happened, and that some of them had been killed upon the track there before this. On the contrary, we are inclined to think that the fact that cattle had run at large in that place, and that occasionally one had been killed on the track, would have tended to show that there was a greater necessity for care on the part of the plaintiff to prevent a result which past experience had taught him was likely to follow from permitting his cow to be at large.

Upon the whole case, we are satisfied that no error occurred on the trial of this action, and that the circuit judge was right in directing a nonsuit.

*By the Court.* — The judgment of the circuit court is affirmed.

RYAN, C. J., took no part.