RANDALL and another, Executors, vs. THE NORTHWESTERN TELEGRAPH COMPANY.

*December 17, 1881 — January 10, 1882.*

NEGLIGENCE: EVIDENCE: ERROR. *(1) Evidence of negligence. (2) When principal not bound by agent's admission of negligence. (3) Error in admitting evidence, how cured. (4) Burden of proof as to contributory negligence. (5) Functions of court and jury. (6) What negligence of plaintiff will defeat action. (7) Error in instructions, how cured.*
ABATEMENT OF ACTION: *(8) By death of party.*

1. In an action for injuries from defendant's negligence in permitting its telegraph wires to be down and lying across a highway at a certain spot, proof that defendant's poles and wire were down at other places, within a few miles of the place of the injury, and at other times, within a few months of the time of the injury, *would seem* to be admissible to show defendant's negligence.

2. An admission by the defendant company's general agent, after the injury was received, that defendant was liable therefor, was not admissible in evidence; and a judgment for plaintiff is reversed for its admission against a sufficient objection to its competency, the court not being able to say that defendant was not injured thereby.

3. A mere instruction to the jury that such admission of the agent was not *conclusive* against the defendant company, was not a sufficient withdrawal of the evidence from the consideration of the jury; and the fact that such instruction was given at defendant's request after its objection to the evidence had been overruled, will not cure the error of the court in admitting the evidence.

4. It is the settled rule in this state, that contributory negligence is purely matter of *defense*, and the burden of proof in relation thereto upon the defendant; and where evidence introduced by the plaintiff tends to show contributory negligence, while defendant may avail himself of such evidence, the burden of proof is not shifted thereby.

5. Upon the evidence in this case, the questions of defendant's negligence and plaintiff's contributory negligence were for the jury, and not for the court.

6. The rule in this state is, that a slight want of ordinary care on plaintiff's part, contributing to the injury, will defeat his recovery, however gross defendant's negligence may have been, provided his act was not wilful and malicious.

7. A judgment will be reversed for an erroneous instruction, notwithstanding the fact that correct instructions in a contrary sense were also given, where this court is not satisfied that the appellant was not injured by the error.

8. The original plaintiff having died since the trial, and the judgment being reversed, so much of the action as seeks a recovery for injury to his person, has abated; while so much thereof as is for injury to property, and probably so much as is for expenses of medical attendance, etc., survives. R. S., sec. 4253; *Meese v. Fond du Lac*, 48 Wis., 323.

APPEAL from the Circuit Court for *Chippewa* County

The defendant appealed from a judgment in favor of the plaintiff. The case is stated in the opinion.

*L. M. Vilas*, for the appellant.

For the respondent there was a brief by *Meggett & Teall*, and oral argument by *Mr. Meggett*.

TAYLOR, J. This action was brought by Thomas E. Randall, in his lifetime, to recover damages for an injury occasioned, as he alleges, by the carelessness and negligence of the appellant company in not keeping in proper repair their telegraph line in the county of Chippewa. The complaint avers that, by reason of such carelessness and negligence, the wire of said line became loosened from the poles and fell across a public highway in the town of La Fayette, in said county; and that, while the said Randall was traveling along said highway with his horses and carriage, without any fault on his part, his carriage became entangled in the wire which had so fallen across said highway, and was overturned and damaged, his horses became frightened and unmanageable, and he was thrown from the carriage, and was thereby permanently injured. The complaint also alleges that the appellant company had, previous to the accident, abandoned the use of said telegraph line, and had negligently and wrongfully failed to remove the poles and wire, as required by the statutes in such cases provided. The answer denies any negligence on the part of the company, and alleges that the injury received by the said Randall, his car-

riage and horses, was caused by his own negligence and carelessness, and not by the carelessness and negligence of the said company, its agents or employees.

The action was tried at great length in the circuit court, and many exceptions were taken to the introduction of evidence on the part of the plaintiff, as well as to the instructions of the court to the jury. The first three exceptions are taken to the introduction of evidence tending to show that the telegraph line of the defendant had been out of repair at other places along the highway, some distance from the place where the plaintiff was injured, and some time before the injury took place. We are not prepared to say that there was any error in admitting this evidence, so far as it was limited to proof of the fact that the wire and poles were down at the times and places mentioned by the witnesses. It was probably inadmissible for the purpose of showing that other persons had suffered injury from the fact of the falling of the poles or wire; but the fact that the poles and wire were down at other places and times within a few miles of the place, and within a few months of the time when the plaintiff was injured, would seem to us competent proof upon the question of the negligence of the company in maintaining the line in a safe condition. A line of telegraph constructed along a highway in such manner that if the wires become loosened from the poles, or the poles become decayed and fall, such highway will be obstructed and rendered dangerous to persons traveling thereon, should be so constructed and maintained as to prevent such occurrences, except when produced by unusual storms or other casualties, which are out of the ordinary course of events. The fact, therefore, that the poles and wires were frequently down and obstructing the highway, although not at the time or place where the accident happened, was competent evidence, tending to establish the negligence of the company in not maintaining a safe line along such highway. The fact that the evidence related to a time a few months be-

fore the accident, or a place a few miles distant therefrom, would render the proof less conclusive than though it had related to a time a few days before the accident, or a place very near, but it would not affect the competency of the proof.

As we have concluded that the judgment must be reversed because of the error of the court in admitting in evidence the telegram of Haskins to Ginty against the objection of the appellant, and for error in the instructions given to the jury, as hereinafter stated, and because the death of Randall will render the questions raised upon most of the medical testimony immaterial upon a new trial, we have concluded not to consider them upon this appeal.

The plaintiff offered in evidence the following telegram from Mr. Haskins, the superintendent of the appellant company, viz.:

"*To Gen. George C. Ginty:* Many thanks for your kind words for us to the gentlemen who were hurt by our old wire. I hoped to be with you tomorrow and see them, but I must go home. Have them make a bill and send me. We will pay any reasonable bill. My instructions, if obeyed, would have prevented the accident, but the repair-man neglected his duty, and we must pay the penalty. Answer.

[Signed]                    " C. H. HASKINS, Gen'l Supt."

This telegram was sent October 20, 1879, and the accident took place August 25, 1879.

The introduction of this evidence was objected to by the appellant upon two grounds: *first*, because it was "secondary evidence, and not the original dispatch;" and *second*, because it was "incompetent, irrelevant and immaterial." The objections were overruled, and the appellant duly excepted. It is clear that this telegram was not a part of the *res gestæ*, and its admission as original evidence against the defendant can only be sustained upon the ground that the admission of the general agent or superintendent of the company bound the company. In the absence of any proof showing that the

superintendent was authorized by the company to bind it by his admissions, we do not think the court was justified in assuming that he had such power. He was a competent witness for the plaintiff, and, though holding a high position as an agent of the defendant, he was still only an agent, and for the purpose of admitting away the rights of the defendant he cannot be presumed to have all the powers of the corporation.

The inadmissibility of this evidence is fully established by the following cases cited by the learned counsel for the appellant, and upon well-established principles of law: *Mil. & Miss. R. R. Co. v. Finney*, 10 Wis., 388; *Betts v. Farmers' L. & T. Co.*, 21 Wis., 80; *Livesley v. Lasalette*, 28 Wis., 38; *Hazleton v. Union Bank*, 32 Wis., 34; *Richards v. Noyes*, 44 Wis., 609; *Rounsavell v. Pease*, 45 Wis., 506; *Austin v. Austin*, id., 523; *Packet Co. v. Clough*, 20 Wall., 540; 2 Wharton on Ev., §§ 1090, 1174–6; 2 Thompson on Neg., 848, note 7. These cases show that the rank or station of the person making the admission does not affect the question of its admissibility. In *Hazleton v. Union Bank* the admission of the president of the bank was held inadmissible. In *Packet Co. v. Clough* it was held that the admission of the captain of the boat could not be admitted. The authority to make the admission for the principal or corporation is not to be inferred from the position or rank of the party making the same. If such authority is alleged to exist, it must be shown by competent proofs.

It is not strenuously insisted on the part of the learned counsel for the respondent, that the telegram was competent evidence for the plaintiff; but he insists that it should not be held sufficient ground for a reversal of the judgment, *first*, because it was supposed on the trial that the exception was not to the substance of the telegram, but to its secondary nature, not being the original telegram sent. It seems to us very clear that the exceptions cover both grounds; and as we are

clear the evidence was improperly admitted over the objection to its incompetency, it is unnecessary to determine whether or not the objection taken on the ground of its being secondary evidence was well taken. This evidence was of a character which, if held admissible to bind the defendant, would necessarily have great weight with the jury in the determination of the question of the defendant's negligence; and it would be difficult to cure the error of its admission even by the most clear and positive withdrawal of the same from the consideration of the jury, and a clear direction that they should exclude the same from their consideration, in determining the question of the defendant's negligence.

The learned counsel for the respondent insists that this evidence was withdrawn from the consideration of the jury by the circuit judge in his instructions, at least in part, and that there was so much other evidence given on the part of the plaintiff showing the negligence of the defendant, that this court ought to disregard the error of its admission on the ground that it did not prejudice the defendant. We do not agree with the learned counsel for the respondents that it was withdrawn from the jury. Upon this subject the circuit judge said: "The telegram from the defendant's general superintendent to Ginty, which has been received in evidence, is not conclusive against the defendant; and if you should find from all the evidence in the case that the plaintiff was guilty of such contributory negligence as to prevent a recovery by him under the instructions given you by the court upon that subject, then the defendant is entitled to a verdict in its favor, notwithstanding the expressions in that telegram tending to admit the general liability of the defendant; for the defendant should not be prejudiced by the opinion expressed in such telegram as to the liability of the company, if you find as a matter of fact upon the evidence, and according to the instructions given you by the court, that it was incorrect and erroneous."

VOL. LIV—10

This instruction does not withhold from the consideration of the jury the evidence furnished by the telegram. It simply instructs them that it is not conclusive against the defendant, and leaves it with the jury to give such weight to it as they may think it deserves. Under the instruction the jury were at liberty to consider the evidence of the telegram upon the question of the negligence of the defendant, and also upon the question of the contributory negligence of the plaintiff, and it would naturally have great weight with them upon both questions. That this instruction was given at the request of the counsel for the defendant, does not, we think, cure the difficulty. The evidence had been admitted by the court against the defendant's protest and objection, and we do not think he should be charged with having waived his objections by endeavoring to mitigate its force against him by asking the instruction above quoted. We are unable to say, from our examination of the record, that the evidence of defendant's negligence was so satisfactorily established by the other evidence in the case as would render this entirely immaterial and harmless, and that the verdict must have been the same upon that issue had the telegram been rejected. Much less are we able to say that the evidence upon the issue of the contributory negligence of the plaintiff was so clearly in his favor that the verdict must have been the same upon that issue had the telegram been rejected altogether. Upon both these issues the evidence furnished by the telegram, if admissible, was of a kind which would be likely to be more satisfactory to the jury than almost any other which could have been given. We cannot say, therefore, that the defendant was wholly unprejudiced by its reception; and unless we can say that, in view of the whole case, the judgment must be reversed for that cause alone.

The instructions given to the jury are not as consistent and harmonious as they should be, and this has probably arisen from the fact that most of them were prepared by the counsel

for the opposite parties, and were given as so prepared. The complaint which the learned counsel for the respondent makes upon the instructions as to the burden of proof on the issue of the plaintiff's contributory negligence, is, we think, unfounded. If there was any want of consistency in the instructions on this point, the defendant was not prejudiced. We think the rule is settled by the court, that contributory negligence on the part of the plaintiff in an action to recover damages for the negligence of the defendant is a pure matter of defense. *Hoyt v. Hudson*, 41 Wis., 105; *M. & C. Railroad Co. v. Hunter*, 11 Wis., 160; *Prideaux v. City of Mineral Point*, 43 Wis., 524; *Bessex v. Railway Co.*, 45 Wis., 477. The plaintiff need not allege in his complaint that he was not himself negligent, nor prove it on the trial. All matters which are purely matters of defense must be alleged and proved by the defendant, and the burden of proving this defense is as much on the defendant as the proof of any other defensive matter. The fact that the plaintiff, in making proofs on his part, introduces evidence tending to prove his own contributory negligence, does not change the nature of the issue. The affirmative of the issue on the question of the plaintiff's negligence, is still with the defendant; and because he may use the evidence introduced by the plaintiff to support his side of that issue, that fact does not shift the burden of proof from the defendant to the plaintiff. If the defendant in an action upon contract pleads payment, and the plaintiff, in making out his case, offers some evidence which tends to prove payment, that fact does not relieve the defendant from the burden of proving the payment. He may make use of the plaintiff's evidence to prove his side of the case, but the burden of the proof is nevertheless on his shoulders. If, in making out his case, the plaintiff should admit his contributory negligence, or prove it by evidence which was conclusive of the fact, he would defeat himself, because he would prove the defendant's defense; but if he only gave testimony which might go to the jury as evidence

tending to prove such negligence, he would not be bound to give negative evidence to disprove such negligence, or be subject to an instruction that the burden of proof had been changed, so that if it did not affirmatively appear that he had not been guilty of negligence, it would be presumed that he had been.

We are also of the opinion that both the questions of the defendant's negligence and the contributory negligence of the plaintiff were questions for the jury, and not for the court, upon the evidence. And we are inclined to the opinion that the contributory negligence of the plaintiff was a question for the jury under any aspect of the evidence. Taking the statement of the case as made in the letters of the plaintiff introduced in evidence, we are not prepared to say, as a question of law, that the plaintiff was guilty of negligence in crossing the wire under the circumstances declared in such letters. See *Wheeler v. Town of Westport*, 30 Wis., 392–416.

Most of the instructions upon the question of contributory negligence on the part of the plaintiff were sufficiently favorable to the defendant, and, if faulty at all, the fault was in favor of the defendant, except an instruction which was given by the court in the general charge, after the instructions requested by both plaintiff and defendant had been given. This instruction, of which the appellant complains, and to which he duly excepted, reads as follows: "If you find that the plaintiff was guilty of negligence equal to that of the defendant, or that he was negligent in passing over the wires to an extent most men, in their common, prudent travel, under like circumstances, in the exercise of their common judgment, would not have indulged in, you will find for the defendant."

This instruction coming after all the other instructions had been given, and having in substance said to the jury that if they found the plaintiff guilty of the same degree of negligence as the defendant then he could not recover, we think the jury would be justified in inferring that if the plaintiff's

negligence was not equal in degree to that of the defendant, then he could recover, notwithstanding he was guilty of some negligence; and that even if he did not exercise that care which men of ordinary prudence would have exercised under like circumstances, that would not defeat a recovery. Such a rule of weighing the comparative negligence of the parties has never been adopted in this state. The rule in this state is, that a slight want of ordinary care which contributes to the injury will defeat the plaintiff's action, no matter how gross the negligence on the part of the defendant, unless such negligence be so gross that the court and jury might infer that the act of the defendant was wilful or malicious. *Potter v. Railway Co.*, 21 Wis., 372; *Cunningham v. Lyness,* 22 Wis., 245; *Dreher v. Fitchburg,* id., 675–7; *Ward v. Railway Co.*, 29 Wis., 144–152; *McCandless v. Railway Co.*, 45 Wis., 365–372.

We cannot say that, in a case like the present one, where the question of the contributory negligence of the plaintiff was a most important one in the trial, and where there was considerable evidence tending to prove such negligence, that the defendant was not prejudiced by giving the instruction above quoted, although in other parts of his instructions the court had given the true rule of law upon that question. If the instructions upon the same point are contradictory or conflicting, and some state the law correctly and some incorrectly, this court cannot say that the good ones counterbalance the bad, and therefore no injury is done to either party. We have no way of ascertaining whether the good or bad instructions were adopted by the jury as the rule which should govern them in the case.

For the error in receiving the evidence of the telegram, and in giving the instruction above quoted, the judgment must be reversed.

As it appears from the record that the plaintiff has died since the trial of the action, so much of the action as seeks a

recovery for injury to the person of the plaintiff, now deceased, has abated. *Meese v. The City of Fond du Lac*, 48 Wis., 323; section 4253, R. S. But we see no reason why the action should not survive for the purpose of recovering damages for the injury to the team and carriage of the plaintiff, and probably for such expenses for medical attendance, nursing, etc., as were necessitated by the injury to his person.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded for a retrial as to so much of the plaintiff's cause of action as has not abated by his death.