HELLER, Respondent, vs. ABBOT and another, Trustees, Appellants.

*March 19 — April 9, 1891.*

*Railroad company: Liability for failure to fence: New trial.*

1. A railroad company which has failed to erect fences and cattle-guards, as required by law, is liable, under sec. 1810, R. S., as amended by ch. 193, Laws of 1881, for the killing of horses when on its unfenced track, in the absence of evidence that the owner drove them upon the right of way, or abandoned them in a place where it was certain that they would go upon the track.

2. A judgment will not be disturbed for the giving of an instruction which is inapplicable to the case, where the other instructions are correct, and the findings of the jury thereon entitle the successful party to judgment.

3. In the absence of any abuse of discretion in denying a motion for a new trial on the merits, the order of the court will not be reversed on appeal.

APPEAL from the Circuit Court for *Price* County.

This is an action against the trustees of a railroad company to recover damages for the killing of three horses upon its unfenced track. The essential facts are stated in the opinion. Under a plea of general denial, the defendants introduced evidence to show that the plaintiff either drove the horses upon the right of way for pasturing, or abandoned them in that immediate vicinity, knowing the danger. The jury found against the defendants upon both those points, and judgment was rendered for the plaintiff, from which the defendants appeal.

For the appellants there was a brief by *Howard Morris* and *T. H. Gill*, and oral argument by *Mr. Gill*. They argued that, notwithstanding the defendants' failure to fence their road, the plaintiff cannot recover if he put his horses in a place of known danger, or abandoned them there, knowing the danger. *Knight v. Toledo & W. R. Co.* 24 Ind. 402; *McDonald v. C., M. & St. P. R. Co.* 75 Wis.

121, and cases cited by the court. The instruction of the court erroneously put upon the defendants the burden of proving that the plaintiff's agent drove the horses on the railroad track, and that he deliberately intended that they should be destroyed there. It was inapplicable to any question submitted to them, and should have been limited to the questions of fact submitted for special answers. *Louisville, N. A. & C. R. Co. v. Frawley*, 110 Ind. 18; *Woolen v. Wire*, 110 id. 23; *Ind., P. & C. R. Co. v. Bush*, 101 id. 582; *Louisville, N. A. & C. R. Co. v. Hart*, 119 id. 279; *Burns v. North Chicago R. M. Co.* 60 Wis. 544.

For the respondent there was a brief by *W. H. Stafford* and *T. F. Frawley*, and oral argument by *W. H. Stafford*. To the point that the statute makes a railroad company which fails to fence its road as required by law absolutely liable for all injuries to stock caused by such neglect, they cited sec. 1810, S. & B. Ann. Stats.; *Quackenbush v. W. & M. R. Co.* 62 Wis. 411; *S. C.* 71 id. 472; *Martin v. Stewart*, 73 id. 553; *Corwin v. N. Y. & E. R. Co.* 13 N. Y. 42; *McDonald v. C., M. & St. P. R. Co.* 75 Wis. 121. The giving of inapplicable or erroneous instructions will not work a reversal of the judgment unless they were misleading or prejudicial to the appellant. *Neanon v. Uttech*, 46 Wis. 581; *Kidd v. Fleek*, 47 id. 443; *Sela v. Domaske*, 48 id. 623; *Schultz v. Culbertson*, 49 id. 122; *Lange v. Hook*, 51 id. 132.

TAYLOR, J. This action is brought to recover the value of three horses which were killed upon the railroad operated by the defendants and appellants. On the trial it was shown that the railroad had been operated for a long time, and had not been fenced as required by law, and that the horses went upon the right of way at a place where the road was not fenced as required by law, and were killed by a passing train.

The case was tried by the court and a jury. The appellants contend that the evidence clearly establishes one of two facts — *First*, that the plaintiff abandoned his horses in the immediate vicinity of the railroad track, knowing that the same was unfenced, and that the horses would seek the track for feed, the evidence showing that the feed on the track was better than at other places; or, *second*, that the plaintiff or his servant drove the horses on the track for the purpose of pasturing them there, and had them on the track pasturing at the time they were killed. These two questions were fairly submitted to the jury upon instructions not prejudicial to the defendants, and the jury found against the contention of the defendants in both cases. Under our statute requiring railroad companies to fence their right of way, and making the company liable for killing or injuring cattle or horses coming onto said right of way where no fences are built, it is very clear that the burden of proof was on the defendants to show that the plaintiff either pastured his horses on the right of way at the time they were killed, or that he left them in the immediate vicinity of the right of way without any one in charge of them, and being so left they went upon the right of way and were killed. For the purposes of this case we will take it for granted that, if either of the propositions above stated were found to be true by the jury, the plaintiff cannot recover. How far and to what extent a man owning a farm in the immediate vicinity of an unfenced railroad may use the same for pasturing his stock thereon, without having a person in charge constantly watching them to prevent them straying upon such railroad and being killed, without taking upon himself the risk of their being killed upon said unfenced road, and without any remedy for such killing as against the railroad company, is not considered in this case.

After hearing the evidence the jury returned the follow-

ing special verdict: "(2) Did the witness Hebert drive the horses destroyed upon the defendants' right of way with the intention of exposing them to danger? Answer. No. (3) Was the said Hebert in the habit of voluntarily pasturing the said horses on defendants' right of way before they were destroyed? A. No. (4) Was the said Hebert in the habit of voluntarily pasturing said horses in the immediate vicinity of the defendants' right of way before they were destroyed? A. Yes. (5) Did the said Hebert voluntarily pasture said horses upon defendants' right of way several hours just before they were destroyed? A. No. (6) Did the said Hebert voluntarily pasture the said horses in the immediate vicinity of the defendants' right of way for several hours just before they were destroyed? A. Yes. (7) Did the said Hebert voluntarily leave the said horses pasturing upon said right of way of defendants, unattended, just before they were destroyed? A. No. (8) Did the said Hebert voluntarily leave said horses pasturing in the immediate vicinity of defendants' right of way, unattended, for some time just before they were destroyed? A. No."

The answers to these questions exonerate the plaintiff from the charge made against him by the defendants as their defense to the action, and, if the answers are not clearly against the evidence, the judgment for the plaintiff thereon is clearly correct. After a careful examination of the evidence, we are unable to say that the jury was not justified in finding as they did. The witness Hebert, who had the horses in charge for the plaintiff, and whose duty it was to watch and care for them, testifies to his constant watching and diligence in looking after the horses for the purpose of keeping them off the track, and we think the jury were justified in finding that he was exercising ordinary care in that respect.

The cases cited by the learned counsel for the appellants only go to the extent of relieving the company from lia-

Heller vs. Abbot and another.

bility under the statute for killing stock which come upon the right of way when it is left unfenced, when the evidence shows either that the plaintiff voluntarily drove them upon the right of way, or abandoned them in a place where it was certain they would go upon the track. In such case the courts say he consents to their destruction, and cannot, therefore, recover for such destruction. *Corwin v. N. Y. & E. R. Co.* 13 N. Y. 42; *Mo. Pacific R. Co. v. Roads,* 23 Am. & Eng. R. Cas. 167; *Welty v. I. & V. R. Co.* 105 Ind. 55; *Ft. W., Cin. & L. R. Co. v. Woodward,* 112 Ind. 118; *J. M. & I. R. Co. v. Dunlap,* 29 Ind. 426. The cases of *Curry v. C. & N. W. R. Co.* 43 Wis. 685; *C. & N. W. R. Co. v. Goss,* 17 Wis. 428; and *McCandless v. C. & N. W. R. Co.* 45 Wis. 372,— were cases decided under the law as it stood previous to the amendment of sec. 1810, R. S., by ch. 193, Laws of 1881, and are not applicable to the law as now amended. See *Quackenbush v. W. & M. R. Co.* 71 Wis. 472; and *Martin v. Stewart,* 73 Wis. 553. In view of the authorities and the statute, we think the evidence in the case sustains the findings of the jury.

It is further urged that the court erred in instructing the jury. The instruction complained of was given when instructing the jury as to what they should consider in answering the second question submitted to them, viz., "Did the witness Hebert drive the horses destroyed upon the defendants' right of way with the intention of exposing them to danger?" This question is so framed that the jury, to answer it truthfully in favor of the defendants, would be compelled to find that the evidence in the case established the fact that the plaintiff's agent did drive the horses upon the railroad track, and that in so doing it was his intention that they should be destroyed. Probably the question put to the jury required more to be proved in order to justify the jury in finding an answer favorable to the defendants in the question than would be necessary to

defeat the action of the plaintiff, but that fact does not render the instructions erroneous, when given in order to direct them as to what was necessary to justify a finding in favor of the defendants upon that particular question. The other questions submitted to the jury presented the real question at issue, and the findings of the jury upon them, being favorable to the plaintiff, entitle him to a judgment.

The other exceptions to the instruction we think are not well taken. The instruction was simply a fair statement of the statutory duty of the company in regard to fencing its road. None of the other exceptions taken to the instruction of the learned circuit judge seem to be relied upon as error in this court. Whether the learned circuit judge should have granted a new trial upon the merits of the case was a question resting in his discretion upon all the evidence, and we find no such abuse of his judicial discretion in this case as would justify this court in reversing his order in that respect.

*By the Court.*— The judgment of the circuit court is affirmed.