RICHARDSON vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

*November 27 — December 12, 1882.*

*Escape of animals upon railroad track: Contributory negligence.*

The defendant railway company negligently permitted a gate in its fence to become defective, and the plaintiff's stock escaped through it from his pasture. Thereupon plaintiff fastened the gate with a chain so that his stock could not open it. Four or five weeks later the plaintiff's minor sons, who lived with and worked for him, after driving the stock into the pasture, neglected to secure the gate with the chain, and the stock again escaped through the gate upon the defendant's track and were injured. *Held*, that the plaintiff was guilty of contributory negligence and cannot recover for such injury.

56   347
86   210

56   347
92   178

56   347
96   667

56     347
117    530

APPEAL from the Circuit Court for *Rock* County.

The railway of the defendant runs through the plaintiff's farm. In October, 1878, a mule and some horses of the plaintiff escaped from his pasture adjoining the railway track, through a defective gate in the railway fence, and went upon the track, where they were run over by a passing locomotive and train. The mule was killed and some of the horses were injured. This action is to recover damages therefor. It is not disputed that the gate was out of repair. The defense is that the plaintiff was guilty of negligence which contributed directly to the injury complained of. The testimony is stated in the opinion. Verdict and judgment for plaintiff. Motions for a nonsuit and for a new trial were made on behalf of defendant at the proper times, and were denied by the court. The defendant appeals from the judgment.

*F. J. Lamb*, for the appellant.

For the respondent the cause was submitted on the brief of *Bennett & Sale*.

LYON, J. The undisputed evidence is that the gate through which the plaintiff's mule and horses escaped from his pasture, when the injury complained of occurred, had been out of repair for several weeks, and that the defendant's section foreman, whose duty it was to repair it, had timely and repeated notice thereof. That the defendant is chargeable with negligence in not repairing the gate is beyond question. After the gate had become defective, one of the mules of the plaintiff went through it, and later his horses escaped from the pasture through the same gate. Thereupon, and four or five weeks before the injuries complained of were inflicted, the plaintiff fastened the gate with a chain so that his stock could not open it. The gate was kept constantly fastened with this chain until the day of the injury. On that day the two sons of the plaintiff, aged respectively

AUGUST TERM, 1882. 349

Richardson vs. The Chicago & Northwestern R'y Co.

nineteen and seventeen years, who lived with and worked for their father, drove the plaintiff's stock, including the animals injured, from another field, through such gate, into the pasture. The eldest son shut the gate after the stock passed through it, but neither of them testified, nor does any other witness, that they again fastened the gate with the chain. The eldest son said that he fastened the gate, but his whole testimony shows clearly that he only used the defective fastenings appurtenant to the gate, and these were entirely insufficient to prevent the escape of the stock from the pasture.

After testifying that he thought he unhooked the chain and took it off when the stock was turned into the pasture, the same witness was asked whether he afterwards refastened the gate with the chain. He answered: "I don't remember for sure. I don't remember whether I put it on or not. I don't hardly think I did, because I think if I had they would not have got through." The plaintiff himself declined to testify that the animals could have escaped had the chain been on the gate. Knowing its defective and unsafe condition, it was negligence if the plaintiff left his stock in the pasture without properly securing the gate. And the negligence of his sons in that behalf is his negligence. The undisputed testimony, and every reasonable inference therefrom, shows that the gate was not properly secured, either with the chain or in any other manner after the stock was driven through it. There is really no evidence to the contrary. The proof that the plaintiff's negligence contributed directly to cause the injury complained of being undisputed, the rule of law is elementary that he cannot recover for such injury, although the defendant was also negligent. The motion for a nonsuit should have been granted.

*By the Court.*— The judgment is reversed, and the cause remanded for a new trial.