MARTIN, Respondent, vs. STEWART and another, Trustees, etc., Appellants.

*February 2 — February 19, 1889.*

*Railroads: Fences: Killing of stock: Contributory negligence.*

1. Under sec. 1810, R. S., as amended by ch. 193, Laws of 1881, if fences have been duly erected in good faith along the right of way of a railroad, although they are afterwards destroyed or become defective, an action for an injury alleged to have been caused by the lack of or defects in the fence will be defeated if it appears that the plaintiff was guilty of contributory negligence.

2. The plaintiff turned his colt into a pasture beside a railroad track, knowing that there was nothing to prevent the animal from going upon the track, and using no precaution to prevent it from doing so. The animal went upon the track and was killed by a passing locomotive. *Held*, that the plaintiff was guilty of contributory negligence. The fact that he had no other pasturage for the colt is of no importance.

APPEAL from the Circuit Court for *Portage* County.

This action is to recover the value of a colt belonging to the plaintiff, which was killed by a passing locomotive on the track of the railway operated by the defendants, by reason of their alleged negligence in failing to keep in repair and maintain a fence along their right of way contiguous to the plaintiff's land.

There is no general verdict in the case, but the jury found specially that the colt escaped from the plaintiff's pasture, and went therefrom upon the defendant's right of way; that the fence between such pasture and right of way was destroyed August 15, 1886; that the plaintiff turned his colt into the pasture September 2, 1886, knowing at the time that such fence had been so destroyed and had not been replaced, and kept the colt there until it was killed; that on said September 2d he talked with defendants' section foreman about repairing the fence, and the latter promised

Martin vs. Stewart and another, Trustees, etc.

to repair it before September 10, 1886, but did not do so; that the colt was killed September 10, 1886, in the manner above stated, nearly opposite the defective fence; that the plaintiff had no other pasturage for the colt; and that the value of the animal when killed was $120. There was no finding on the question whether or not the plaintiff was guilty of negligence contributing to the death of the colt.

The defendants moved, at the proper times, for a non-suit, for judgment on the special verdict, and for a new trial, all of which motions were denied by the court, and judgment for the plaintiff for $120 and costs was ordered and duly entered. The defendants appeal from the judgment.

For the appellants there was a brief by *D. S. Wegg* and *Howard Morris*, attorneys, and *Winkler, Flanders, Smith, Bottum & Vilas*, of counsel, and oral argument by *J. G. Flanders*.

For the respondent there was a brief by *Lamoreux & Park*, and oral argument by *B. B. Park*.

Lyon, J. The learned counsel for the plaintiff submitted an ingenious argument to sustain the proposition that the liability of the defendants for the value of the colt killed upon their railway track by their locomotive was absolute, and that the question of the contributory negligence of the plaintiff is not in the case. We think this proposition is inaccurate. Sec. 1810, R. S., as amended by ch. 193, Laws of 1881, after charging railway companies with the duty of constructing fences and cattle-guards, provides that, "until such fences and cattle-guards shall be duly made, every railroad corporation owning or operating any such road shall be liable for all damages done to cattle, horses, or other domestic animals, or persons thereon, occasioned in any manner, in whole or in part, by the want of such fences or cattle-guards; but after such fences and cattle-

guards shall have been in good faith constructed, such liability shall not extend to damages occasioned in part by contributory negligence, nor to defects existing without negligence on the part of the corporation or its agents."

This statute is plain and unambiguous, and admits of but one construction. Until fences are erected along the right of way, pursuant to the statute, the liability of the persons or company operating the railway for injuries occasioned in whole or in part by the want of such fences, is absolute; but after such fences are once in good faith constructed, although thereafter they are destroyed or become defective, an action for an injury alleged to be caused thereby will be defeated if it appear that the plaintiff was himself guilty of negligence which directly contributed to the injury. In the present case the right of way where the accident happened had once been fenced, and remained so fenced for several years, but the fence had been recently destroyed or injured by fire. Although the defendants were in default for not restoring it as soon as they should have done, there is no proof or claim that they did not intend to do so, or of any bad faith on their part. Hence the case comes within the latter clause of sec. 1810, which in effect prohibits a recovery if the negligence of the plaintiff contributed to the injury complained of. Such is the doctrine of the cases in this court cited by counsel for the defendants. These are *Jones v. S. & F. du L. R. Co.* 42 Wis. 306; *Lawrence v. M., L. S. & W. R. Co.* 42 Wis. 322; *Richardson v. C. & N. W. R. Co.* 56 Wis. 347; and *Carey v. C., M. & St. P. R. Co.* 61 Wis. 71. The complaint herein was framed in this view, for it alleges that " without the fault or negligence of the said plaintiff, but solely from the fault and negligence of said defendants, their employees and servants, by reason of their failure to properly repair and maintain their fence aforesaid," the colt escaped upon the right of way and was killed.

Martin vs. Stewart and another, Trustees, etc.

Although there is no direct finding upon the question, we do not hesitate to hold that the special verdict establishes conclusively that the plaintiff was guilty of negligence which contributed directly to the injury of which he complains. He turned his colt into the pasture knowing that there was nothing to prevent it from going upon the railway track, and it does not appear that he used the slightest precaution to prevent the animal from so doing. Under the cases above cited, and many others decided by this court, this makes a perfectly clear case of contributory negligence on the part of the plaintiff, and defeats a recovery in the action. It is of no importance that the plaintiff had no other pasturage for his colt. This fact could not excuse his neglect, in the known presence of imminent danger to the animal, to use proper precautions to save it from injury. Moreover, the statute (sec. 1812) gives the plaintiff the right, upon proper notice, to rebuild or repair the fence (if the defendants fail to do so) at the expense of the defendants.

The evidence being conclusive that the plaintiff was guilty of negligence which contributed directly to the killing of his colt, the motion for a nonsuit should have been granted. But, that motion having been denied, the defendants' motion for judgment upon the special verdict should have been granted.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded with directions to that court to render judgment for the defendants upon the special verdict.