Oeflein vs. Zautcke.

OEFLEIN, Appellant, vs. ZAUTCKE, Respondent.

*January 7 — January 28, 1896.*

*Railroad fences: Failure to replace gate at farm crossing: Killing of horse: Liability: Construction of statute.*

Sec. 1811, R. S. (providing that any person who shall wilfully take down, open, or remove any fence, cattle guard, or crossing constructed by a railroad company pursuant to sec. 1810, or any portion thereof, or allow the same to be taken down, opened, or removed, or who, having lawfully taken down bars or opened gates in such fences for the purpose of passing through the same, shall not immediately replace or close the same, shall forfeit a certain sum and, in addition, be liable to the party injured for all damages resulting from such act or omission), does not apply to one who neglected to replace a gate at his farm crossing which had been accidentally destroyed by his runaway team, so as to make him liable for the death of a horse which strayed from the highway upon his land and thence through the opening upon the railroad track, and was there killed by a passing locomotive. When sought to be applied to such a case, the statute is penal and must be strictly construed.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

The facts are stated in the opinion.

For the appellant there was a brief by *Fiebing & Killilea,* attorneys, and *C. H. Van Alstine,* of counsel, and oral argument by *Mr. Van Alstine.*

For the respondent there was a brief by *Wells, Brigham*

Oeflein vs. Zautcke.

*& Upham*, and oral argument by *J. R. Brigham*. To the point that the defendant was not liable to the plaintiff by reason of any negligence in allowing the gate upon his own land to be open, they cited, Cooley, Torts, 660; *Blyth v. Topham*, 1 Cro. Jac. 158; *Bush v. Brainard*, 1 Cow. 78; *Klix v. Nieman*, 68 Wis. 271; *Harrison v. Brown*, 5 id. 27; *Fisher v. Farmers' L. & T. Co.* 21 id. 73; *Cincinnati, W. & M. R. Co. v. Stanley*, 4 Ind. App. 364; *Price v. N. J. R. & T. Co.* 31 N. J. Law, 229.

CASSODAY, C. J. This action was brought to recover the value of the plaintiff's horse, which strayed from the high-way onto the defendant's premises, and from thence through an open gate at the defendant's railway crossing onto the portion of the track of the Chicago, Milwaukee & St. Paul Railway which ran over and across the defendant's farm, and while there was struck and killed by a passing locomotive of the company. The undisputed evidence is to the effect that the company had, a long time prior to the accident, erected on both sides of its railway, crossing said farm, good and sufficient fences, with gates therein at the farm crossing of the railroad, made for the use of the defendant in crossing the railroad from one part of his farm to another; that some two weeks prior to the accident the defendant's team, being driven by his employee, ran away and right into the gate at the farm crossing mentioned, and broke it all to pieces, and the defendant allowed it to remain so broken down until the plaintiff's horse passed through the same to the railroad track and was there killed by a locomotive as mentioned. At the close of the evidence on the part of the plaintiff the court granted a nonsuit, and from the judgment entered thereon the plaintiff appeals.

It is conceded that prior to the time when the gate was broken down by the defendant's team running away, as mentioned, the company had properly constructed the

VOL. 92—12

fences and gate in question, as required by the statute (R. S. sec. 1810). The liability here claimed is predicated upon the failure of the defendant to reconstruct the gate after it was so broken down by his team. The statute does provide that "any person who shall *wilfully* take down, open or remove any such fence, cattle guard or crossing, or any portion thereof, or *allow* the same to be taken down, opened or removed, *or who*, having *lawfully* taken down bars *or opened gates* in such fences *for the purpose of passing through the same*, shall not immediately replace or close the same, shall forfeit not less than ten nor more than fifty dollars, *and in addition be liable to the party injured for all damages* resulting from such act or omission." R. S. sec. 1811. Assuming that the gate was a portion of "such fence, cattle guard or crossing," still it is very obvious that the defendant did not *wilfully* take it down, nor open, nor remove it; and it is equally obvious that he did not "*allow* the same to be" so "taken down, opened or removed," since to allow it to be done would imply his consent or permission in the doing of it, whereas the gate was destroyed by the runaway team without the consent of any one. It is equally clear that the defendant did not "lawfully" take down or open the gate "for the purpose of passing through the same."

The only plausible reason for the contention of the plaintiff is that the defendant, for two weeks after his team had so broken down the gate, neglected to reconstruct the same. Had the defendant's horse during that time passed through the gate onto the railway track, and been so killed by the locomotive, and the defendant had sued the company therefor, then the defendant's contributory negligence in so leaving the gate down might, under the repeated adjudications of this court, have been a defense. *Jones v. S. & F. du L. R. Co.* 42 Wis. 306; *Curry v. C. & N. W. R. Co.* 43 Wis. 665; *Richardson v. C. & N. W. R. Co.* 56 Wis. 347; *Martin v. Stewart*, 73 Wis. 553; *Peterson v. N. P. R. Co.* 86 Wis.

206.   But in the case at bar the plaintiff suffered his horse
to go at large upon the highway, and to escape therefrom
onto the premises of the defendant, and from thence onto
the railway track.   The case of *Pitzner v. Shinnick*, 39 Wis.
129, is quite similar, and, in principle, against the plaintiff's
recovery in this action.   Active vigilance was not required
of the defendant to prevent the plaintiff's horse from tres-
passing upon his premises.   *Klix v. Nieman*, 68 Wis. 271;
*Walsh v. Fitchburg R. Co.* 145 N. Y. 301; *S. C.* 27 L. R. A.
724.   Besides, the statute, as here sought to be applied, is
penal and must be strictly construed.

   *By the Court.*— The judgment of the superior court of
Milwaukee county is affirmed.