McCANN and another, Respondents, vs. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Appellant.

*June 12 — June 24, 1897.*

*Railroads: Fences: Killing of horses: Contributory negligence.*

A person in charge of horses, with knowledge of an opening in the fence along a railway right of way, turned them into a pasture not far distant, the fences of which he knew or ought to have known had been partially destroyed by forest fires a short time previous, so that the horses readily escaped and reached said opening. *Held*, that he was guilty of contributory negligence which would preclude recovery for the killing of the horses by a passing train.

McCann and another vs. Chicago, St. Paul, Minneapolis & Omaha R. Co.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

Plaintiffs' horses escaped from his pasture, and went upon defendant's right of way at a private crossing, where the gate had been destroyed for such time as to charge defendant with notice of it, and were fatally injured by a passing train. This action was brought to recover the loss upon the ground that it was caused by defendant's failure to keep its track fenced. The defense was contributory negligence. At the close of the evidence a motion was made to direct a verdict in defendant's favor because the evidence conclusively showed that the person in charge of the horses was guilty of contributory negligence, which was imputable to plaintiffs and fatal to a recovery. The motion was denied. A verdict was rendered in favor of plaintiffs. There was a motion to set the verdict aside, which was overruled. Judgment was rendered in plaintiffs' favor, and defendant appealed.

For the appellant there was a brief by *Tomkins & Merrill,* and oral argument by *W. M. Tomkins.* To the point that it was contributory negligence to turn the horses out in the pasture with knowledge that the fences had been destroyed, they cited *Jones v. S. & F. du L. R. Co.* 42 Wis. 306; *Curry v. C. & N. W. R. Co.* 43 id. 665; *Richardson v. C. & N. W. R. Co.* 56 id. 347; *Martin v. Stewart,* 73 id. 553; *Peterson v. N. P. R. Co.* 86 id. 206; *Oeflein v. Zautcke,* 92 id. 176; *Carey v. C., M. & St. P. R. Co.* 61 id. 71.

For the respondents the cause was submitted on the brief of *O'Keefe & Copeman.*

MARSHALL, J. The sole question on this appeal is, Did the court err in not granting defendant's motion for a verdict? That turns on whether the undisputed facts conclusively show contributory negligence on the part of the person who had charge of the horses. The evidence shows, with-

·out question, that such person knew of the opening in the railway right of way at the crossing when he turned the horses loose on the premises of one Day, a short distance from such opening; that such premises were inclosed originally, partly by a wire fence, partly by a creek, partly by a pole fence, and partly by a swamp; that some time before the horses were injured a fire went across the premises, largely destroying the fences, so that the horses could readily escape and reach the open gate in defendant's right-of-way fence.   In respect to the fire and the conduct of plaintiffs' agent in regard to the fence, the trial court, in his charge to the jury, stated that it was undisputed that forest fires had been raging on or about the premises where the horses were pastured for some time prior to their being injured; that the fence which had been erected to 'restrain horses and stock from wandering beyond the pasture had been destroyed for about two weeks; that the person in charge of the horses made no effort to rebuild the fence after it was destroyed, or even to ascertain whether it was injured by the fire, which he knew had passed through the premises.   From such undisputed facts no other inference could reasonably be drawn than that such conduct constituted want of ordinary care, and that it contributed to the result complained of.   The person in charge of the horses did not exercise any care whatever.   With knowledge of the opening in the right-of-way fence, and of the destruction of the pasture fence, or of facts which should have moved him to discover the true situation in that regard,— in short, though circumstanced so that he knew, or ought to have known, the situation which permitted the horses to escape from the pasture and go upon the right of way,— he turned them out, regardless of consequences.   This precludes any recovery for damages, under repeated decisions of this court in similar cases.   *Curry v. C. & N. W. R. Co.* 43 Wis. 665;

*Richardson v. C. & N. W. R. Co.* 56 Wis. 347; *Peterson v. N. P. R. Co.* 86 Wis. 206. Defendant's motion for a verdict should have been granted; hence the judgment of the trial court must be reversed.

*By the Court.*— So ordered.