RAY, Respondent, vs. STUCKEY, Appellant.

*January 10—January 28, 1902.*

*Negligence: Fences: Injuries to animals: Contributory negligence:*
*Appeal and error: Practice.*

1. In an action for injuries to plaintiff's horse, sustained by becoming entangled in a barbed-wire partition fence situated wholly on defendant's land, no action will lie, where it appears that, before plaintiff turned the animal into the pasture inclosed by such fence, he knew of the dangerous condition of the fence and had complained thereof to the defendant.
2. Where contributory negligence appears from the undisputed evidence, that question, although not submitted to the jury, nor made the ground of a motion for a nonsuit, is presented by a motion to set aside the verdict and grant a new trial.

APPEAL from a judgment of the circuit court for Crawford county: GEO. CLEMENTSON, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Paul Meyer,* attorney, and *O. B. Thomas,* of counsel, and oral argument by *Mr. Thomas.*

For the respondent there was a brief by *Palmer & Whitman,* and oral argument by *Platt Whitman.*

CASSODAY, C. J.   This is an action to recover damages for injuries sustained by the plaintiff's mare being torn and lacerated June 28, 1898, by reason of becoming entangled in an alleged partition fence built and maintained by the defendant wholly upon his own land, and which is alleged to have been so negligently and dangerously constructed as to endanger the lives and safety of the plaintiff's horses and other domestic animals pasturing on his adjoining lands. The defendant answered by way of a general denial.   At the close of the testimony the jury returned a verdict in favor of the plaintiff, and assessed his damages at $40.   From the judgment entered thereon for that amount, with costs, the defendant brings this appeal.

For the purposes of this appeal, we assume that the defendant was bound to maintain the fence in question, and keep the same in good condition and repair, at the time and place of the accident, and that he failed and neglected to do so, and that, by reason of such negligence, animals pasturing in the adjoining lands were exposed to the danger of being injured by the barbed wire stretched thereon.   But it appears from the plaintiff's testimony, and is undisputed, that the plaintiff knew all about the condition of the fence prior to the injury; that he spoke to the defendant at "different times prior to the time of this accident, asking him if he would put in a good safe fence there;" and that the defendant told him that "he had the posts all made to put in, and as soon as he got a little time he would do it," but that he had "never done it."   With such knowledge, the plaintiff caused the mare to be turned into his own pasture, adjoining the fence in question, and thereby exposed her to the danger mentioned.   Such being the action and knowledge of the plaintiff, the question recurs whether he can recover damages from the defendant for the injury thus sustained.   In obedience to a long line of adjudications of this court, we must hold that he cannot.   A few of such cases are here cited.   Thus, in an opinion by

Chief Justice RYAN, reviewing the prior cases, it was held, in effect, that in actions against a railroad company for injury occasioned by a failure to maintain fences on the line of its road, *as in other actions for negligence,* contributory negligence of the plaintiff is a complete defense. *Curry v. C. & N. W. R. Co.* 43 Wis. 665, 675, *et seq.* In the opinion it is tersely stated that, "when the negligence of both parties co-operates alike in producing the injury, the action does not lie." To the same effect, *Carey v. C., M. & St. P. R. Co.* 61 Wis. 71; *Martin v. Stewart,* 73 Wis. 553; *Peterson v. N. P. R. Co.* 86 Wis. 206; *McCann v. C., St. P., M. & O. R. Co.* 96 Wis. 664. The trial court may have been misled by the fact that the motion for a nonsuit was not made upon the ground of the plaintiff's contributory negligence. The question of contributory negligence was not submitted to the jury, and, as it appeared from the undisputed evidence, the case should not have been submitted to the jury. However, the question is presented by the motion to set aside the verdict and grant a new trial. Certainly the plaintiff should not recover damages for an injury caused in part by his own contributory negligence.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.