HABENICHT, Respondent, vs. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Appellant.

*December 12, 1905—January 9, 1906.*

*Railroads: Fences: Killing of horse on track: Depot grounds: Contributory negligence: Court and jury.*

1. In an action for the killing of a horse upon a railway track, the question whether the place where the horse got upon the track, a few rods from a depot building, was within the limits of the depot grounds, is *held*, upon the evidence, to have been one for the jury.

2. Upon evidence showing, among other things, that plaintiff had left his horses standing unhitched and unattended while he was trying to get one of his cows clear from another team, and upon pleadings raising the issue, it is *held* that the question of contributory negligence should have been submitted to the jury, the horse which was killed having got upon the track through a fence which was out of repair, not by reason of a failure to fence the track, so that the liability of the railway company was not absolute.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Reversed.*

This is an action to recover $125 as the value of a horse belonging to the plaintiff and killed by a locomotive of a passenger train running upon the tracks of the defendant at the place alleged February 15, 1903. The complaint alleges, in effect, that the horse, on the day and year named, "without any fault or negligence on the part of the plaintiff, escaped from a field adjoining said railroad through" a defective fence which the defendant had failed and neglected to keep up and maintain, and had negligently allowed and suffered to become unsafe and out of repair, and went upon the track of said railroad and was there run against by defendant's locomotive and killed, to the damage of the plaintiff in the amount stated. The defendant answered, by way of admissions, denials, and counter allegations, to the effect that the injuries to the plaintiff's property alleged in the complaint, if any, were caused by the carelessness and negligence of the plaintiff, and not by any fault, neglect, or negligence of the defendant, its agents or servants.

At the close of the trial the jury returned a special verdict to the effect (1) that the place where the plaintiff's horse went upon the defendant's property was not within the limits of its depot grounds at Hines, and (2) that they assessed the plaintiff's damages at $125. From the judgment entered thereon for the amount stated, with $29.40 costs and disbursements, the defendant appeals.

*Solon L. Perrin,* for the appellant.

For the respondent the cause was submitted on the brief of *James R. Hile.*

CASSODAY, C. J. There is evidence tending to prove that February 14, 1903, the plaintiff, with an emigrant car loaded with furniture, horse feed, horses, and cattle, arrived at Hines station; that on the next morning he unloaded the car upon

two vehicles belonging to farmers; that they then drove south
from the station some 800 feet to the track of the railroad
crossing, the plaintiff following behind; that at that point two
of the plaintiff's cows, instead of crossing the track, went
south down the track; that one of the farmers took charge of
the plaintiff's horses while he went after the cows; that the
running of the cows frightened one of the teams and it started
to run with or along with one of the cows; that while the
plaintiff was working to get the cow, or clear her from the
team, he left his horses standing without being hitched or
cared for in any way, and they then started back toward the
railroad track, but, instead of following the road on which
they came, they took a short cut along another road which
brought them to the railroad track a few rods south of the
depot building, the precise distance being in dispute, and
whether it was within the limits of the depot grounds being
one of the questions submitted to the jury; that from the point
where the horses so came upon the railroad track they ran
north along the railroad track for about a mile, where they
were overtaken by a freight train and one of them killed.

The case is very simple, notwithstanding twenty-two errors
are assigned. We cannot say, as a matter of law, that the
place where the horses got upon the track was within the limits
of the depot grounds. Nor can we say that the form in which
that question was submitted to the jury was prejudicial to the
defendant. This court has often stated that the form of such
verdict is very much in the discretion of the trial court.
After speaking of the gap or defect in the fence where the
horses went onto the railroad track and defining depot
grounds, the court charged the jury, upon the first question
submitted, that "if from the evidence you are satisfied that it
[the place where the fence was defective] was within the lim-
its of the depot grounds, then you will answer it [this ques-
tion] in the affirmative, and, if not so satisfied, you will an-
swer it in the negative." This portion of the charge made the

defendant absolutely liable if the defective place in the fence was not within the limits of the depot grounds. It completely eliminated from the case the question of the plaintiff's contributory negligence. And yet the complaint alleged that the horse was killed "without any fault or negligence on the part of the plaintiff," and such allegation was put in issue by the denials in the answer, and the answer also alleged that such injuries to the plaintiff's property, if any, were caused by the carelessness and negligence of the plaintiff, and not by any fault, neglect, or negligence on the part of the defendant. Such issue so made by the pleadings was never submitted to nor determined by the jury, notwithstanding the learned trial court was expressly requested to submit such question, and was also requested to instruct the jury on the question of the plaintiff's contributory negligence in allowing his horses to escape from his control. The statute only imposes such absolute liability in cases where the railway track has never been fenced, as required by the statute. Sec. 1810, Stats. 1898. But the same section expressly provides that "after such fences and cattle-guards shall have been in good faith constructed such liability shall not extend to damages occasioned in part by contributory negligence nor to defects existing without negligence on the part of the corporation or its agents." In such cases contributory negligence has repeatedly been held to be a complete defense. *Richardson v. C. & N. W. R. Co.* 56 Wis. 347, 14 N. W. 176; *Bremmer v. G. B., S. P. & N. R. Co.* 61 Wis. 114, 20 N. W. 687; *Wickham v. C. & N. W. R. Co.* 95 Wis. 23, 69 N. W. 982; *McCann v. C., St. P., M. & O. R. Co.* 96 Wis. 664, 71 N. W. 1054; *Perrault v. M., St. P. & S. S. M. R. Co.* 117 Wis. 520, 530, 94 N. W. 348. No other questions are of sufficient importance to call for consideration.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.